SELMA BERGMANN, ADMINISTRATRIX, APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted December 11, 1922—Decided March 5, 1923.

1. Where the Supreme Court sets aside a verdict as against the preponderance of the evidence on the question of contributory negligence of plaintiff, it is error, on a new trial, to nonsuit the plaintiff on the same evidence, and for no other reason, because on the rule to show cause the court dealt only with the weight of the evidence, while in granting a nonsuit the evidence to sustain it must be conclusive.

2. The defendant posted a notice, at the corner of a street intersecting that on which its tracks were laid, that "cars stop here." Relying on that notice plaintiff's intestate gave a signal that he was an intended passenger, and then attempted to cross the tracks, as he was required if he would enter the car, but was struck by the car and killed. The car had no headlight, was approaching rapidly; the motorman paid no attention to the signal or stop-notice, nor attempted to control his car at the advertised stopping point.—*Held*, that the question of contributory negligence of the deceased was for the jury.

On appeal from the Supreme Court.

For the appellant, *Ralph E. Lum.*

For the respondent, *Leonard J. Tynan.*

The opinion of the court was delivered by

BERGEN, J. This case was tried at the Union Circuit and the plaintiff recovered a verdict which the Supreme Court, on a rule to show cause, set aside upon the ground that the preponderance of the evidence tended to show that the plaintiff's intestate was guilty of contributory negligence. The case was remanded for a new trial and, by agreement, the testimony in behalf of the plaintiff at the first trial was read in evidence, and thereupon the trial court, assuming that the action of the appellate court in making the rule to show cause absolute amounted to holding that there should have been a nonsuit on the ground of contributory negli-

gence, called the plaintiff and directed that a judgment of nonsuit be entered, and that action is the ground of the present appeal. The evidence on behalf of the plaintiff showed that the decedent was crossing the trolley tracks of the defendant on a line with a street called Dalton avenue for the purpose of reaching the other side of the trolley track on Westfield avenue, along which the trolley tracks of the defendant ran; that as he was about to cross the tracks, the trolley car approaching about sixty feet away, he held up his hand to give the motorman notice that he wished to board the approaching car and then proceeded to cross the track but was struck by the car just as he was about leaving the track, the collision resulting in his death; that Dalton avenue was a stopping point of the trolley cars, there being a sign standing there notifying the public that cars stopped at that street; that the trolley car was being run at about twenty miles an hour; that it had no headlight burning, and that the motorman was not looking at the crossing but had his head down with his eyes towards the floor, and might not have seen the notice which the deceased gave by holding up his hand. Under the testimony on behalf of the plaintiff, we think it was a jury question both as to the negligence of the defendant, and the contributory negligence of the deceased. As was said in *Danskin* v. *Pennsylvania R. R. Co.,* 79 N. J. L. 526: "In view of the presumption of due care on the part of the decedent, we are of the opinion that this evidence left the question of his contributory negligence in doubt, and in such case, it was for the determination of the jury."

In ordering a judgment of nonsuit the trial court acted on the theory that the supreme court, in making the rule to show cause absolute, determined that the evidence conclusively established the contributory negligence of the deceased, when it only dealt with its weight, and therefore it was error, on the second trial, to nonsuit plaintiff on the same evidence, and for no other reason, because on the rule to show cause the court considered only the weight of the evidence, while to sustain a nonsuit the evidence must be conclusive.

In relation to defendant's negligence there was proof that the car was approaching a point where defendant had posted a notice that cars would stop, and it was the duty of the motorman to have the car under such control as not to endanger the lives of persons waiting at the stopping place to take the car, and when, instead of doing this the motorman paid no attention to the signal given by the deceased, and ran the car over the street crossing, it cannot be said as a matter of law that the absence of negligence on defendant's part is conclusively established so as to warrant a nonsuit for that reason. *Courtney* v. *Public Service Ry. Co.,* 97 *N. J. L.* 564. Nor has the judgment appealed from any better basis when rested on the ground of contributory negligence by the plaintiff's intestate. The case is not radically different from that of *Glasco* v. *Jersey City R. R. Co.,* 81 *Id.* 469. In that case plaintiff attempted to cross the track in front of a rapidly approaching car in order to board it, as in the instant case, and was struck just as she was nearly over the track, and this court said: "In this situation she exercised her judgment and concluded to cross in front of the car. In the exercise of that judgment she was entitled to consider that the car usually stopped at that crossing. Moreover she had a right to assume that the motorman would keep a reasonably careful lookout ahead, and that he would use the appliances of the car to keep it under reasonable control, and to check or stop it, if need be, before it reached her." In the instant case, the car was approaching the point where defendant had given notice that, "cars stop here," from which a jury might infer that plaintiff's intestate relied on that notice in exercising his judgment to cross in front of it at the point indicated, and, as in the *Glasco Case, supra,* had a right to assume that the motorman would keep a reasonable outlook for intended passengers crossing the tracks to reach the proper side of the car for boarding it. About the only difference in the facts between this and the Glasco case is that, in the latter, the car was one hundred and fifty feet away when it came under observation, while in this case the distance was sixty feet, but that difference was not sufficient to charge the deceased with

contributory negligence, for if the car had been under control, ready to stop as the notice indicated, as the deceased, as a jury might find, had a right to assume it would, there would have been no accident, or the jury might have so found. This was at least a jury question, and the taking of the case from the jury was error.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    13.