ALBERT BELPERCHE, SR., ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF ALBERT BELPERCHE, JR., DECEASED, RESPONDENT, v. ERIE RAILROAD COMPANY, A CORPORATION, AND EDWARD MONROE, APPELLANTS.

Argued February 7, 1933—Decided May 15, 1933.

For the appellants, *Hobart & Minard* (*George S. Hobart* and *Ralph E. Cooper,* of counsel).

For the respondent, *E. Robert Coven.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. On January 23d, 1929, Albert Belperche, Jr., aged six, the plaintiff's intestate, was struck and killed by a locomotive of the defendant railroad company. Suit was brought by his administrator *ad prosequendum* for the damages suffered and a judgment found by the jury in favor of the plaintiff and against the defendants in the sum of $15,000. This verdict, on the argument of a rule to show cause, was reduced by the trial judge to $4,500 which the plaintiff accepted.

These are the facts: The defendant Erie Railroad Company maintains a station for train stops at Glen Rock, New Jersey. At or near this point there is a roadway across the two tracks of the railroad company, at grade, which pedestrians in this area, traveling easterly or westerly, must use.

Just prior to the accident an outbound train had stopped at the Glen Rock station, the engine and tender of which

blocked the grade crossing. No gates are used to protect the crossing. The Erie Railroad Company, however, employs a flagman at the crossing and a wig-wag system with a bell. At this juncture, the plaintiff's intestate was on the south crosswalk and east of the outbound train, that is, on its right-hand side and in a place of safety. As the outbound train started up and cleared the crossing, this child, in company with other children, started across the grade crossing using the said southerly crosswalk and as he reached the center of the other, or inbound track, he was struck by an incoming train, receiving injuries from which he died. The engine of this train was operated by Edward Monroe, engineer, the other defendant in this case.

The defendants-appellants come into this court seeking a reversal of this judgment and write down six grounds of appeal which will be treated in the order presented.

"1. The trial judge should have directed a verdict in favor of appellants because the negligence alleged in the complaint was not the proximate cause of the death of the plaintiff's intestate, and there was no evidence of any act of omission or commission on the part of the appellants which was the proximate cause of his death."

The negligence charged in the complaint is that "the defendant company did not give the statutory signal of the approach of the train * * * the wig-wag signal and its accompanying bell were not in good and proper order and were not operated or operating at the time of the approach" of the train, &c.

Now negligence may be affirmative or negative in character —by direct act or by failure to act—by commission or omission. In this case there was a plentitude of testimony that the operator of the incoming train neither sounded the bell nor blew the whistle; testimony also from which a jury might have concluded that the so-called accompanying bell on the swinging arm alongside the railroad right of way was not sounded. On the other hand, there was testimony on the part of the defendants below that the bell on the incoming train was rung and the whistle sounded and that the bell

accompanying the wig-wag signal was in operation. Manifestly, these discordant statements of witnesses presented a jury question and the jury decided it adversely to the appellants. This court has said repeatedly that whether the alleged negligence was the proximate cause of the damage done is generally a question for the jury. Under the attending circumstances and the facts presented by the witnesses in this case, whether the alleged negligence was the natural and proximate cause of the injury and death of the plaintiff's intestate was submitted to the jury and in this there was no error. *Parave* v. *Public Service Interstate, &c.,* 109 *N. J. L.* 155; *Podolsky* v. *Sautter,* 102 *Id.* 598.

It will be noted here that the appellants absolve plaintiff's intestate from contributory negligence, saying, "the decedent was too young to be charged with contributory negligence." Therefore, if the testimony offered, evidenced any negligence on the part of the defendants below the case was properly submitted to the jury to determine the fact. Therefore, this ground of appeal fails.

2. The second and fourth grounds of appeal charge that the trial court erroneously instructed the jury as follows:

"2. The plaintiff claims that the defendant Erie Railroad Company and Monroe were guilty of negligence with respect to the course of conduct in the operation of the train, and particularly the railroad company was guilty of negligence with respect to the operation and maintenance of the signal devices, and the flagman at this crossing. Now, under the law, we cannot spell negligence as against a railroad company by reason of the speed of a train, so we are not at all concerned with the speed. The railroad company was not charged with putting any signal devices there nor was the railroad company charged under the law with the placing of a flagman. The law has said, however, that if you undertake to do something that you are not charged in law with doing, in the absence of the abandonment of that self-assumed duty, of course you are charged with doing that in a reasonable manner."

"4. You have a dispute in this case with respect to the sig-

nal devices. The witnesses called on behalf of the railroad company have testified that the devices were in operation both before the train reached the crossing and afterward."

We cannot consider these two grounds of appeal for the basic reason that no exception was taken to this part of the court's charge. Even if there be merit in the criticism of either or both sections of the charge, now challenged for the first time, we cannot consider it. If the legal principles laid down by the court for the guidance of the jury be objectionable for any reason, it is imperative that counsel take proper exception to the part or parts complained of, pointing out with particularity the reason for the objection and indicating the fault in the charge. In the absence of any of these essentials, viz., (a) exceptions to the particular part of the charge; (b) reasons stated, pointing out the fault complained of, the charge may not be challenged on appeal. This has been the stated rule for a hundred years. The reason for it is obvious. If the charge had been challenged at its conclusion and the objection to it pointed out, the court might have changed his opinion and corrected the charge, if it was erroneous, and if he does not correct the charge, and it be erroneous, then the language of the charge plus the exception makes for a proper ground of appeal. Any rule short of this would, as has been said, imply omniscience on the part of a trial judge or at least an intuitive perception of the law in every case. *Oliver* v. *Phelps,* 20 *N. J. L.* 180; *affirmed,* 21 *Id.* 597; *Potts* v. *Clarke,* 20 *Id.* 536, 538; *Klein* v. *Shryer,* 106 *Id.* 432.

The third ground of appeal is that the trial court erroneously instructed the jury as follows:

"3. Under our statute it provides that:

" 'Wherever any railroad whose right of way crosses any public street or highway, has or shall install any safety gates, bell or other device designed to protect the traveling public at any crossing, or has placed at such crossing a flagman, any person or persons approaching any such crossing so protected as aforesaid, shall, during such hours as posted notice at such crossing shall specify, be entitled to assume that such safety gates or other warning appliances are in good and proper

order, and will be duly and properly operated unless a written notice bearing the inscription "out of order" be posted in a conspicuous place at such crossing, or that the said flagman will guard said crossing with sufficient care whereby such traveler or travelers will be warned of any danger in passing over said crossing, and in any action, brought for injuries to person or property, or for death caused, at any crossing protected as aforesaid, no plaintiff shall be barred of the action because of the failure of the person injured or killed to stop, look and listen before passing over said crossing.'

"Now, our courts have construed this statute and said that the failure on the part of the railroad company to meet the requirements of this act, after they had assumed the duty of providing safety devices or gateman, is a circumstance of negligence. However, I might say that, of course, in this case, like all other cases, in order to justify a recovery as against the defendants, you must not only be satisfied that it was negligence, but such negligence was the proximate cause of the happening of this accident. So, if the railroad company was guilty of negligence, in the sense that they failed to do any of these things, as required, that alone would not be sufficient to hold the railroad company, or Monroe, unless you are satisfied that that was the proximate cause of the happening of the accident."

An examination of the exception taken to this part of the court's charge discloses that the exception itself does not meet the requirements of the rule, above stated. The exception to the charge is that it was improvident to charge the statute. The reason assigned by counsel for his objection is, to our mind, too vague and nebulous to particularly advise the court of its precise point. However, the court below may have understood it since he refused to recognize it and we pass upon it along the lines of its probable intendment. The charge in the complaint in this case had to do with failure on the part of the railroad company to comply with certain sections of the Railroad act and the court's reading of the statute (section 36b of the Railroad act—3 *Comp. Stat., p.* 4238), to the jury is complained of. Manifestly, the court charged the

jury along lines in keeping with the theory of the complaint and of the testimony of the witnesses at the trial. The charge was justified under the principles laid down in *Chiapparine* v. *Public Service Railway,* 91 *N. J. L.* 581; *Doyon* v. *Massoline Motor Car Co.,* 98 *Id.* 540. In this class of cases where negligence is charged, in that the provisions of a statute or an ordinance have been violated, the question for the jury is whether such violation, if it existed, was in whole or in part the proximate cause of the accident. The mere violation of the statute or ordinance is not negligence *per se* but is, under our cases, a circumstance from which negligence may be inferred. *Kolankiewiz* v. *Burke,* 91 *Id.* 567; *Winch* v. *Johnson,* 92 *Id.* 219; *Baker* v. *Fogg & Hires Co.,* 95 *Id.* 230; *Muller* v. *West Jersey and Seashore Railroad Co.,* 99 *Id.* 186; *Jackson* v. *Geiger,* 100 *Id.* 330.

The charge of the court must be considered in its entirety and not piece-meal. A single sentence or paragraph of the charge, if examined separate and apart from the context. might appear faulty, but when read in conjunction with what goes before and what comes after the part complained of, it becomes apparent that it is not faulty. This is the rule laid down in many cases. *Larsen* v. *Raritan Valley Farms, Inc.,* 109 *N. J. L.* 363; *Veader* v. *Veader,* 89 *Id.* 727; *McLaughlin* v. *Damboldt,* 100 *Id.* 127; *Harper* v. *City of East Orange,* 105 *Id.* 193; *Section 27, Practice Act;* 2 *Comp. Stat., p.* 2819.

In charging the jury it is almost impossible for the trial court not to advert to the facts. This the court did in this case, stating generally what the claim of the plaintiff was, in his review of the testimony. True, it is that the evidence respecting the failure of safety devices to operate was slender but it was evidence none the less and its persuasiveness cannot be discussed here. The jury believed it and if the appellants desired to argue its weight and sufficiency they were free so to do on the return of the rule to show cause in the court below. This ground of appeal likewise fails.

The fifth ground for reversal is that the court charged:

"5. There is testimony, too, in the case, that the flagman

shouted to the boys and held up the sign, and there was evidence before you with respect to the mannerism of the flagman, by certain gestures on his part.

"There is other evidence (I will not say contradicting that) in the case, and the witnesses testifying with respect to those matters have given you their view as to the course of conduct of the flagman."

We see no error in this excerpt from the charge when read in connection with the context. If anything, it was helpful, instead of harmful to the defendants.

6. The sixth ground urged for reversal is that the trial court erred in refusing to reduce the verdict to a lower. figure than $4,500 and that this was an abuse of discretion. On this point we need only say that there is not the slightest indication that the court abused its discretion.

The disposition of these grounds discussed disposes of each ground of appeal raised by both appellants.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.