GERMAINE LAMBERT, BY NEXT FRIEND, AND JULIA LAMBERT, RESPONDENTS, v. GERTRUDE N. EMISE, IMPLEADED, ETC., APPELLANT.

Submitted January 18, 1938—Decided May 7, 1938.

Before Justices TRENCHARD and PARKER.

For the appellant, *Leuly & Moser* (*John A. Laird,* of counsel).

For the respondent, *Vincent J. Aikens* (*Milton T. Lasher,* of counsel).

The opinion of the court was delivered by

PARKER, J. The case arises out of a rear-end automobile collision due, as claimed, to the presence of a cloud of smoke drifting across the road. Four persons were named as defendants; as to two, husband and wife, there was no evidence at the trial; and a discontinuance has been duly entered as against them. As to a third, Howard Mackay, the transcript of the trial shows a discontinuance agreed to as to him, and this has also been made a matter of record, leaving only the one defendant, Gertrude N. Emise. There was a verdict against Mrs. Emise in favor of the infant, and a similar verdict in favor of the mother.

The sole ground of appeal is that "the trial court erred in refusing to grant defendant's motion for a nonsuit and for a direction of a verdict."

The facts, as the jury was entitled to find them, were as follows:

On November 8th, 1934, Mrs. Emise was an abutting owner on East Palisade avenue, Englewood. Her employe, one McElroy, was burning fallen leaves, and had started a fire in the gutter in front of the Emise premises. This made a thick smoke, which drifted northerly across the road, as the jury could find. The road had a hard crown, say twenty feet wide with dirt shoulder on each side. Defendant Howard Mackay was driving his car easterly on the southerly side of the crown of the road and stopped to ask directions of McElroy, who was tending the fire. The smoke shrouded Mackay's car; and the Lambert family, driven by the father, and consisting of himself, his wife, and a young child, Germaine, came up behind, and crashed into the rear of the Mackay car. Lambert was killed; the wife and child were injured. The suit by them was against Mackay for stopping in or near the middle of the road; and against Mrs. Emise for her servant creating a smoke screen hiding the Mackay car.

---

The motion to nonsuit was based on the grounds of (1) no negligence in making the fire; and (2) the unlawful stoppage of the Mackay car as the proximate cause. The motion to direct was on these two grounds; and also on the "release" of Mackay as releasing the appellant also (not now argued) and as to Mrs. Lambert, that the Lambert car was hers, that her husband was driving it as her servant, and that he was guilty of contributory negligence which was imputable to her.

As to the fire itself: we think there was evidence from which the jury could find that it was negligent to build and maintain a fire causing a thick smoke which would drift across the road and obscure vision. In *Davenport* v. *McClellan,* 88 *N. J. L.* 653, 654, the Court of Errors and Appeals characterized a fire in the street as a nuisance.

As to the stopped Mackay car being the proximate cause, and the smoke only secondary, we consider that it was a case of two concurring causes and two *tort feasors,* and that both causes can properly be called proximate.

As to the alleged contributory negligence of the deceased Lambert, we think the usual presumption of care existed. *Danskin* v. *Pennsylvania Railroad Co.,* 79 *N. J. L.* 526. Counsel relies on *Hammond* v. *Morrison,* 90 *Id.* 15, a plaintiff's rule to show cause for a new trial; but we think it clearly distinguishable. The rear-end collision there was with a standing trolley car, stopped because it had to stop, on a permanent track; plaintiff was the conductor of the car, adjusting the trolley. No question of his contributory negligence was involved; but the jury found for defendant, who driving his car up from behind, ran into the conductor because dazzled by reflected lights; and the Supreme Court set aside the verdict, necessarily as against the weight of evidence. In the present case there was an automobile halted in the middle of the road particularly reserved for moving vehicles, and where another driver was entitled to assume, as the jury could properly find, that any driver wishing to ask his way, and seeing a man tending a leaf bonfire at the curb, would naturally pull off the centre toward the curb to get out of the way of traffic. If such assumption was legitimate, and

we think it was, the question of contributory negligence in driving into the smoke cloud became one for the jury, particularly in view of the widow's testimony, in one place, that while her husband did not stop "he went right through it [the smoke] very slowly;" and in another, that he shifted gears and slowed down to ten or fifteen miles an hour.

The case of *Osbun* v. *DeYoung*, 99 *N. J. L.* 204, is somewhat similar on the facts but not on the legal situation. Osbun was loading his truck, parked at the curb, and defendant's servant driving his car ran into its rear and injured Osbun. On defendant's appeal, there were questions of refusal to nonsuit and to direct, and criticism of a charge, based on the testimony of defendant's driver, that if his vision was temporarily destroyed as his testimony indicated, it was his duty to stop his car, and endeavor so to adjust his means of vision that his vision was restored. The charge was approved. But it is to be observed that the jury had no testimony from Lambert, the driver, because he was dead, so that no one can tell how much his vision was obstructed, or what he saw or did not see. The situation before the jury, therefore, was this: Mackay negligently (as they could find) stopped in the middle of the road, in a cloud of smoke; Mrs. Emise, by her servant, creating that cloud of smoke, obscuring vision; a car proceeding at ten or fifteen miles an hour, on second gear, runs into the Mackay car; and the general presumption of due care on Lambert's part to be overcome. The jury might conceivably have found for defendant on the ground of contributory negligence; but we do not think that the judge was required to take that point away from them. He did charge the rule in Osbun *v.* DeYoung. We think that this was sufficient. As was said by the Court of Errors and Appeals in *Clayton* v. *Vallasler*, 118 *Id.* 568, 570, "the rule is that unless it is established by the evidence beyond fair debate that the plaintiff [here, the deceased] was negligent and that the negligence directly contributed to the injury complained of, a motion to nonsuit or to direct a verdict upon the ground of contributory negligence will be denied."

These considerations lead to an affirmance of the judgment under review.