CHARLES HENRY WILCOX, PLAINTIFF-RESPONDENT, v.
CHRISTIAN AND MISSIONARY ALLIANCE, A CORPO-
RATION OF THE STATE OF NEW YORK, DOING BUSI-
NESS AS "MISSIONARY INSTITUTE" AND NELSON
HAMILTON, DEFENDANTS-APPELLANTS.

Submitted February 16, 1940—Decided April 25, 1940.

For the plaintiff-respondent, *Abram A. Lebson.*

For the defendants-appellants, *Collins & Corbin (Edward A. Markley* and *Howard F. McIntyre,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. In this case, which arose out of an automobile collision, the defendants appeal from a judgment entered for the plaintiff upon a verdict of the jury. The grounds of appeal argued in the appellants' brief are seven in number. They resolve themselves into two classes—(a) that the court fell into reversible error in rejecting the defendants' several requests to charge and (b) that the charge of the court to the jury was erroneous in several particulars.

From the testimony concerning the happening, which resulted in serious personal injuries to the plaintiff, it appears that the plaintiff was driving his automobile in an easterly direction on a side road in Alpine, New Jersey, whence he turned left on a main highway along the Hudson river, known as Route 9-W, to proceed to the north; the defendants' bus, under the control and operation of the defendant Hamilton, was proceeding along the said main highway, in a southerly direction. It was nine o'clock in the morning and patches of fog lessened visibility in the lower sections of this vicinity so much so that plaintiff turned on his automobile lights. The lights on the defendants' bus had not been turned on. The testimony further is that before entering the main highway to turn northward the plaintiff brought his car to a standstill, then started up again, drove upon the highway and began to make a left-hand turn. He saw the defendants' bus fifty to sixty feet away "coming fast," and testified that it was more in the east than in the west lane of traffic where

normally it should have been. This is the factual situation and the relative position of the parties at that point, as we reconstruct it from the photographs and the testimony. No map is printed in the state of case although in the record it appears that several witnesses testified from a map which had been received in evidence.

We proceed to consider the grounds of appeal.

(1) It is said that the court erred in rejecting defendant's seventh request to charge which reads as follows:

"The mere happening of an accident is no evidence of negligence and if you find that this was an unavoidable accident then your verdict must be in favor of the defendants, a verdict of no cause of action."

The rejection of this request was not error. The request contains two distinct legal propositions, one affirmative and general in character, the other possible and particular. The first was expressly charged. The second was not. But the exception is directed to the court's refusal to charge the request *in toto,* and clearly the request, as a whole, was not refused. Therefore the exception, as a ground for reversal, is in part contrary to fact. In passing, we point out that it is to be preferred that a request to charge embody but a single proposition. In other jurisdictions such practice is ordained by statute. (Compare *Kast* v. *Turley,* 149 *Atl. Rep.* 673; *Nicewicz* v. *Nicewicz,* 132 *Id.* 399 (*Conn.*); *Smirnoff* v. *McNerney,* 152 *Id.* 399.) And in our jurisdiction a request to charge containing several propositions is weighed not by its strength but by its weakness since, if unsound in any particular, it may be rejected in its entirety. *Schreiber* v. *Public Service Railway Co.,* 89 *N. J. L.* 183; *Kemp* v. *Bright,* 104 *Id.* 529; *Schlosser* v. *Goldberg,* 123 *Id.* 470. But aside from this, the burden of the charge was that to fix liability on the defendants the jury, in considering the proofs, had to be satisfied of the defendants' negligence and that such negligence was the cause of the plaintiff's injuries. The plaintiff charged the defendants with negligence. In answer thereto the defendants denied the charge and countered by saying that the plaintiff himself was guilty of contributory negligence which caused his hurt. Thus the issue between

the parties was limited by their pleadings and the proofs supplied by each were in support thereof. It is not the duty of a trial judge to entertain requests to charge that embody abstract legal principles. These, as was said in *Herbich* v. *New Jersey Street Railway Co.*, 67 N. J. L. 574, are more likely to perplex than assist the jury. The second element in this request was irrelevant.

(2) It is next argued that the court erroneously rejected the defendants' ninth request to charge. The substance of that request is:

"The fact that the plaintiff's car collided * * * while * * * making a left-hand turn * * * is some evidence that the plaintiff did not use great care and did not seek an opportune time in making his left-hand turn," &c.

This was properly refused by the trial court. The request was legally deficient in that it selected one circumstance of the plaintiff's conduct, namely, making a left-hand turn in front of defendants' automobile, while it neglected the other facts and circumstances that were necessarily pertinent, *e. g.*, the speed of the approaching bus, its location on the traffic lanes, its distance from the plaintiff's car, &c. · In any event, however, the charge of the trial court was comprehensive and correct on this element of the case.

(3 and 4) It is next said that the trial court erred in rejecting the defendants' tenth and eleventh requests to charge. A casual reading of the court's charge is convincing that these grounds of appeal merit no discussion. The court, in clear, unmistakable terms, completely expounded the law submitted in these requests. A trial judge is not obliged to charge in the specified words of a request to charge. A judge may prefer his own formula as a clearer and a better exposition of the legal points, as in this case it was.

(5) The next three points are a challenge to the court's charge. Among other things the court said, "I cannot see how the plaintiff is chargeable with contributory negligence. I cannot see it." Standing alone, the printed excerpt savors of strong comment. A trial court may comment on the testimony and frequently it is his duty so to do, provided it is to assist and not to control the jury's findings. A few of the

authorities for this are *Castner* v. *Sliker,* 33 *N. J. L.* 507; *American Saw Co.* v. *First National Bank,* 60 *Id.* 417; *State* v. *Hummer,* 73 *Id.* 714; *State* v. *Overton,* 85 *Id.* 287; *State* v. *Hauptmann,* 115 *Id.* 412, 430; *Ivins* v. *Anders,* 117 *Id.* 311. In the record here, immediately after the excerpt above, the court said to the jury, "However, it is for you to determine * * * and not to be governed by what I say as to that. You must apply the law that I have given to you and will give you, and be governed by me only on the law. Govern yourselves on the facts." Thus the court did leave the matter of the fact finding to the jury.

(6 and 7) The two final points urged because of the charge to the jury complain about the comment of the trial court concerning testimony given by two medical witnesses.

The court, among other things, said, "I think Dr. C. said that it [enteroptosis] might have been caused—that is, might have been aggravated, rather, not caused. Very definitely he said it was not caused, but that it might have been aggravated by the happening." These sentences are set up as an assignment of error because they mis-stated the testimony of the doctor. But immediately the court further said, "Now we are not concerned with what might have been. We are concerned with what probably was, excluding all other causes * * *." The judge then referred to the testimony of Dr. R., the plaintiff's witness, who said that the condition in question was "probably aggravated by the happening." Now the burden of the appellants' argument is that the comment first quoted introduced for the consideration of the jury as a fact a proposition that was unsupported by evidence and that it is error "to charge the existence of certain facts in evidence when there is no evidence to support such charge," relying on *Smith & Bennett* v. *State,* 41 *N. J. L.* 370. That authority, however, bears no analogy to the issue here. In that case this court reversed a conviction in a homicide case because the trial court stated that a certain important incident was part of defendant's "story," when as a matter of fact it was not; the incident there in question was vital and was unsupported by testimony or even the color of testimony. But this situation is quite different. Upon the assumption that the trial

judge erred in his recollection of this testimony—and he did as a matter of fact—it still does not make for reversible error in what he said on this point to the jury. To begin with he said, "I *think* that Dr. C. said * * *," &c., and he stressed the fact that the jury was not to be concerned with what "might have been;" and further the court left the whole matter to the recollection of the jury and expressly so instructed them. The other exception to what the court actually said to the jury is in the same category, needs no exposition, and was not reversible error.

Before leaving this topic, it should be noted that counsel for defendants made no offer to inform the court just where it was thought the court had inaccurately recited the testimony of these medical witnesses. The exception was entered by saying that the defendants except to the court's reference to the testimony of Dr. C. in which the court said the doctor had testified thus and so. The exception thus stated told the court very little and counsel has a greater duty to the court than that. The endeavor of the judge is to do strict justice, as far as it lies in his power, between the parties and common fairness implies a duty on the part of counsel, under circumstances like these, to indicate to the court just where the fact error lay so that it could be corrected, if it should be, on the spot by reference to trial notes or the stenographer's notes. We do not consider that these excerpts were in fact instructions to the jury. They were mere recitals of what the court thought the testimony was. The rule is different when an exception is entered to the law of the case as laid down by the trial court in its charge. When this element of the charge is challenged the court is put on notice that counsel believes that the rule of law as stated is either inapplicable, incorrectly stated, or has some other element of error in it.

We find no merit in any of the points argued upon which we are asked to reverse this judgment.

Before concluding, we think it necessary to advert to one argument which respondent makes with regard to the appeal so far as it attacks the charge. The respondent, in his closing argument, says, in general, that exception to the court's charge is not appropriate as a ground of appeal unless the exception

is accompanied by a reason for the exception. He relies on an opinion of this court in *Belperche* v. *Erie Railroad,* 111 *N. J. L.* 81. The opinion in that case says that it is necessary, in taking exception to the court's charge, to indicate the reason therefor. This is not an accurate statement of the rule. In the Belperche case (page 85) we held that we would not consider two certain grounds of appeal there urged because no exception was taken to that part of the charge which was made grounds for reversal. That statement was quite correct and was ample to dispose of that point in that case. The rest of what was said under that point was *dicta;* but lest it cause any further confusion that part of the opinion which decides that it is necessary to point out a reason for an exception to a legal proposition laid down by the court to the jury is overruled. The correct rule in its fullness was reiterated by this court in the case of *Lyon* v. *Fabricant,* 113 *N. J. L.* 62, 63. Compare *Laure* v. *Singer,* 100 *Id.* 98, and *Packard* v. *Bergen Neck Railway Co.,* 54 *Id.* 553, 558.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

*For reversal*—None.