WILLIAM R. TESTA, PLAINTIFF-APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 6, 1947—Decided July 7, 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the plaintiff-appellant, *Frank P. Zimmer.*

For the defendant-respondent, *McCarter, English & Studer* (*Nicholas Conover English* and *Conover English*).

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Plaintiff was employed by the defendant insurance company as an assistant manager in charge of a staff of eight or ten agents. His duties were performed in part at his desk and in part by accompanying and working with agents in the field. He had a disability policy issued by his employer which carried both total and partial disability benefits. He received an injury which the insurer concedes resulted in partial disability. Plaintiff contends for a total disability and sued for such a recovery. The judge submitted the issue to the jury which found specially that the defendant's liability was for partial disability and made an award of $325 to the plaintiff in accordance with the liability of the defendant under the policy provision for partial disability. The judgment carried no costs because tender of the amount of the award had been made.

The policy insured plaintiff for the fixed term of six months subject to renewal for successive like periods upon the continued payment of the policy premium. It named the occupation of the plaintiff as "insurance agent." It provided that if the insured should be injured after having changed his occupation to one classified as more hazardous the policy would be modified by the company's classification of risks and premium rates and that if the insured should change to an occupation classed as less hazardous he might, on request, have the policy canceled and the unearned premium returned. The successive changes later made in the character of the plaintiff's duties did not change the classified hazard of the risk. The compensation for total disability was $25 per week during disability and for partial disability was $12.50 per week during that disability but not exceeding twenty-six weeks. The application stated plaintiff's occupation as "insurance

agent," his duties as "canvassing and collecting" in the employ of Metropolitan Life Insurance Company which was engaged in the business of life insurance. About 1935 plaintiff was promoted to the position of assistant manager in the Newark district and was so employed at the time of his injury, August 26th, 1940. His weekly earnings as assistant manager were approximately $65.50.

The injury affected the peroneal nerve which enervated the various groups of muscles having to do with the raising and lowering of the left foot. There is a paralysis of the left foot —a "drop foot"—which requires the use of a brace. In addition, the plaintiff wears an elastic stocking. The use of the left foot and left leg is impaired, and plaintiff is unable to climb stairs without pulling with his arms. On April 10th, 1943, he was and still is employed by the defendant as an industrial underwriter, a desk job, with average weekly compensation up to January 1st, 1945, of $65.85 and since January 1st, 1945, of $79. It is conceded that from the time of the injury to the beginning of that employment plaintiff was paid the full weekly indemnity of $25.

The policy was automatically renewed at each half-yearly period and, to the knowledge and with the participation of both plaintiff and defendant, had remained in force throughout the employment as assistant manager extending over a period of five years before the injury occurred. By our construction the effective occupation with regard to the disability was that of assistant manager. There is testimony that the work week of the plaintiff as assistant manager averaged less than 60 hours and that, of the total, 18 hours were spent in the office and the rest in the field. Mathematically, therefore, if that evidence is true, plaintiff, as assistant manager, averaged a trifle less than one-third of his time at desk duties. On February 2d, 1943, plaintiff filed with the company a statement wherein he indicated that he would be able to do work which would not require "walking, standing or climbing stairs continuously." At the same time he filed a physician's certificate which stated that plaintiff was then able to engage in work which did not require the continuous use of his legs. A medical witness testified at the

trial that the plaintiff could perform the great bulk of his former duties but with lessened efficiency. Asked on cross-examination how many of plaintiff's duties plaintiff could perform without wearing the elastic bandage and the brace, the doctor replied, "he could perform most of them, but with lessened efficiency again. By raising the knee high he can clear the toe from the ground, but it takes more effort for him to do that. He does much better with the brace and bandage."

Appellant's first and second points go to the admission of questions objected to as being immaterial and to the court's refusal to strike the answers. The rejection or admission of immaterial evidence is at the discretion of the trial judge and is not a ground for reversal. *Schenck* v. *Griffin,* 38 *N. J. L.* 462; *Enstice* v. *Courtright,* 61 *Id.* 653; *Lackenauer* v. *Lyon and Sons' Brewing Co.,* 67 *Id.* 677; *More-Jonas Glass Co.* v. *West Jersey, &c., Railroad Co.,* 76 *Id.* 708; *Worcester Loom Co.* v. *Heald,* 78 *Id.* 172; *Borgenski* v. *Delaney Co.,* 82 *Id.* 564; *Bradley* v. *Cleary Co.,* 86 *Id.* 338; *Iverson* v. *Prudential Insurance Co.,* 126 *Id.* 280. We find no abuse of discretion in the ruling.

We are further of the opinion that the questions and answers had relevancy inasmuch as the earnings were shown to be greater after the alleged disability than before and there was a fact question as to whether the change of the plaintiff's work from canvasser and collector to assistant manager and from assistant manager to industrial underwriter were not promotions in the same general occupation and, also, bearing in mind that there was an issue on the partial or total disability aspects of the man's occupation (*Leffler* v. *Aetna Life Insurance Co.,* 119 *N. J. L.* 370), whether the plaintiff was, within the meaning of the policy, wholly and continuously disabled as to his former occupation and whether the present employment does not embrace some substantial and important duties of the former work.

Our last observation bears also upon appellant's points four, five, six, seven and eight.

Appellant's third point is that he was not permitted to answer the question whether, when he took his office job, he

went to the disability division of the company and had an "understanding" with it as to whether the disability payments would be made. The action was on the contract of insurance and an alleged disability thereunder. The frame of the question involved a conclusion; and the obvious purpose of showing a supplemental agreement not made in accordance with the terms of the policy was contrary to the fundamental rules of proof.

The alleged faults in the charge covered by points five and six were not made the subject of exceptions.

The portion of the charge argued under point seven goes to the significance of the relative earnings at the several periods of plaintiff's employment before and after the injury and is sufficiently covered *supra.*

The eighth and final point is given a number but no argument. The ground so referred to states a part of the supplemental charge which distinguished between total and partial disability. We find no reversible error therein.

The judgment below will be affirmed.