ARTHUR JONES, JR., INDIVIDUALLY AND TRADING AS JONES TRUCKING COMPANY, PLAINTIFF–RESPONDENT, v. MILTON LAHN, INDIVIDUALLY AND TRADING AS LAHN TRANSPORTATION COMPANY, DEFENDANT–APPELLANT.

Argued January 10, 1949—Decided February 7, 1949.

*Mr. Charles A. Rooney* argued the cause for the defendant-appellant.

*Mr. William K. Miller* argued the cause for the plaintiff-respondent (*Messrs. Berman, Neiss & Miller*, attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   This appeal is from a judgment rendered in favor of the plaintiff at the Middlesex Circuit of the former Supreme Court.

The action arose from a collision between two tractor-trailers on the night of November 5, 1945 on State Highway 25 in North Brunswick Township, Middlesex County. The vehicle

of plaintiff, about eight feet in width, was parked entirely on the concrete surface of the highway with its right side near the edge of the concrete. That highway consists of four twelve foot concrete lanes with a safety aisle in the center and six foot shoulders. The operator of plaintiff's tractor-trailer had stopped in order to help the driver of another parked truck, the night was clear and the visibility good. All lights were lit on plaintiff's vehicle. No flares were put out. There was at least a fifteen foot clearance between the left side of plaintiff's vehicle and the center safety aisle. After the accident, which occurred three or four minutes after plaintiff's vehicle had stopped, the vehicles of plaintiff and defendant were directly · in line. Defendant's vehicle had crashed into the rear of plaintiff's trailer. There were no witnesses to the actual collision in which the operator of defendant's truck was instantly killed.

The first point argued for reversal is that the trial court erred in admitting testimony with respect to other vehicles successfully passing plaintiff's parked tractor-trailer. Such evidence was clearly inadmissible to show the dangerous character of the situation existing, *Temperance Hall Assn. v. Giles*, 33 *N. J. L.* 260 *(Sup. Ct.* 1869); *Crouse v. The Stacy-Trent Co.*, 110 *N. J. L.* 124 *(E. & A.* 1933); *Leech v. Hudson & Manhattan R. R. Co.*, 113 *N. J. L.* 366 *(Sup. Ct.* 1934); aff'd 115 *N. J. L.* 114 *(E. & A.* 1935); *Schwartz v. Howard Savings Institution*, 117 *N. J. L.* 180 *(E. & A.* 1936), but the evidence was admissible to show the clearance between the parked vehicle and the safety aisle. The objection to the questions respecting this testimony was that they were irrelevant and immaterial. The defendant did not thereby seek to limit the testimony to its lawful purpose and he lost the benefit of his objections. The testimony was not harmful and there was no abuse of discretion in its admittance. *Bradley v. Cleary Co.*, 86 *N. J. L.* 338 *(E. & A.* 1914); *Testa v. Metropolitan Life Ins. Co.*, 136 *N. J. L.* 9 *(Sup. Ct.* 1947).

It is next argued that there was error in the denial of defendant's motion for a non-suit. This motion was grounded on alleged violations of sections of the Traffic Act, *R. S.* 39:-3–64 and *R. S.* 39:4–136, on the part of plaintiff's driver. A

violation of a section or sections of the Traffic Act is not negligence *per se* but a circumstance to be considered by a jury in determining from all the facts and circumstances of the case whether or not there was negligence on the part of the person whose conduct is being investigated. *Kolankiewiz v. Burke,* 91 *N. J. L.* 567 *(E. & A.* 1918*); Belperche v. Erie R. R. Co.,* 111 N. J. L. 81 *(E. & A.* 1933*).*

■■ It is further said the limitations placed on the application of *R. S.* 39:3–64 and *R. S.* 39:4–136 by the trial court in its charge was error. The court fully instructed the jury, as requested, as to the statutory provisions. The qualifying language used by the court merely informed them that parts thereof did not apply in view of the facts existing in the case under its consideration. The parts of the statutory provisions applicable to the facts were properly left for the jury's consideration. It is elementary that a trial court may comment on the testimony and frequently it is its duty to do so, providing it is not done to control the jury's findings but to assist it. *Wilcox v. Christian & Missionary Alliance,* 124 *N. J. L.* 527 *(E. & A.* 1940*).*

■■ The last point made is that the court erred in charging the jury in respect to damages. The general primary rule is that, in the absence of the total destruction of an automobile the measure of damages is the difference in its value immediately before and after the injury. *Hintz v. Roberts,* 98 *N. J. L.* 768 *(E. & A.* 1923*).* While this rule was correctly charged the complaint is it was not sufficiently comprehensive in that the court failed to amplify it by further charging that cost of repairs or an estimate thereof may be evidential of true value. The jury was told they could consider the cost of repairs in arriving at the amount of damage to the vehicle. There was no request for specific instructions on the subject counsel desired covered.

■ With respect to the instruction as to loss of use, while the charge in this regard might well have been more comprehensive, under the testimony adduced it was sufficient. The jury was told before they could find damages for this item they must be satisfied there was such loss, and the evidence showed

it was a practical impossibility at the time to hire or buy new or used tractors and trailers. There was testimony as to the length of time the damaged vehicle was out of use and also the cost of hire. The rule laid down in *Hintz v. Roberts, supra,* was sufficiently met. Again no timely request for a specific instruction was made.

There was no error. The judgment is affirmed.

*For affirmance:* Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—5.

*For reversal:* Chief Justice VANDERBILT and Justice CASE—2.