29 N.J. Super. 527 (1954)
103 A.2d 16
OPHELIA TATE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF HOWARD LEE CROWELL. DECEASED, PLAINTIFF-APPELLANT,
v.
JOHN J. COSTA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1954.
Decided February 18, 1954.
*528 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Theodore D. Parsons argued the cause for the plaintiff-appellant (Mr. Harry Edelson, attorney).
Mr. Robert V. Carton argued the cause for the defendant-respondent (Messrs. Durand, Ivins & Carton, attorneys).
*529 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The plaintiff appeals from a judgment of dismissal entered at the end of the plaintiff's case in the Law Division, Monmouth County, on the ground of plaintiff's failure to make out a prima facie case of negligence.
The action is based upon a collision between plaintiff's decedent's motorcycle which was being operated in a southerly direction on State Highway 25, and the defendant's automobile, being operated on the same highway in a northerly direction. The collision occurred when defendant made a left-hand turn at the intersection of the highway with Styles Street, in Linden, New Jersey. The injuries sustained by the plaintiff's decedent caused his death.
A recital of the testimony is essential. At approximately 11:00 P.M., on the evening of October 18, 1952, the defendant was operating his automobile in the left lane of north-bound traffic on State Highway 25. At the point in question the highway has six lanes separated by a safety island, three north-bound lanes and three south-bound lanes, and a left-hand turn cut-off at the intersection of Styles Street, which street runs approximately at right angles to the highway. It is undisputed that the controlling traffic lights at the intersection were green to the north-south traffic on Highway 25. The defendant intended to turn left into Styles Street and upon approaching the intersection observed a truck proceeding in the opposite direction. He allowed the truck to pass and started to cross the intersection when he observed a motorcycle coming toward him, allegedly without any lights, which struck his automobile in the right side. The plaintiff's decedent was thrown to the ground and died shortly thereafter from the injuries he sustained.
Within a short time police officers arrived at the scene, one of whom obtained a statement from the defendant that: "I was making a left hand turn on South Styles Street off Edgar Road. There was a truck coming in the opposite way. I let it pass, then I started to cross. A motorcycle *530 was coming down without any lights on it and struck the right side of my car."
There were no eye witnesses to the collision. One Samuel Washington testified, however, that he was driving in the left lane of the south-bound traffic and came upon the intersection immediately following the collision; that traffic was very heavy that night; that it had halted some 1400 feet back for a traffic light at the Wood Avenue intersection and was proceeding on its way when, approximately 550 feet from the Styles Street intersection, he heard a loud crash. The vehicular traffic of which he was a part slowed down and stopped. After several minutes south-bound traffic proceeded slowly in a single right-hand lane toward Styles Street. As he passed the scene he observed the motorcycle and noticed the rear lights on. It is conceded that the motorcycle came to rest after the collision about in the center of the intersection between the safety isles which are on the north and south sides of Styles Street and that decedent's body was on the inside lane, or lane nearest the center safety island.
The trial court granted defendant's motion for dismissal, stating in part: "In the instant case, taking all the testimony that had been adduced by the plaintiff and giving the best legal inferences that may be given in favor of the plaintiff, I cannot find any evidence which, in any way, bespeaks of negligence of this defendant. As a matter of fact, I find no evidence of any kind that describes the conduct of this defendant, beyond the fact that he was making a left turn and that the motorcycle came, the front of the motorcycle came in contact with the right side of his automobile."
In passing upon the propriety of the trial judge's action, we recur to the established rule that the plaintiff was entitled to the benefit of all facts proven, together with all direct or indirect inferences which may be reasonably drawn from such facts. Pirozzi v. Acme Holding Company of Paterson, 5 N.J. 178, 185 (1950).
*531 It must also be borne in mind that there exists a presumption of due care upon the part of the deceased person involved in a vehicular accident. Danskin v. Pennsylvania R.R. Co., 79 N.J.L. 526 (E. & A. 1910). Cf. Lambert v. Emise, 120 N.J.L. 164 (Sup. Ct. 1938); Bergmann v. Public Service Railway Co., 98 N.J.L. 487 (E. & A. 1923).
At the very outset, it is apparent that a question arises as to whether defendant's conduct in making the left-hand turn was such as to constitute a violation of R.S. 39:4-115, providing:
"The driver of a vehicle * * * intending to turn to the right or left at an intersection where traffic is controlled by traffic control signals or by a traffic or police officer, shall proceed to make either turn with proper care to avoid accidents and only upon the `Go' signal unless otherwise directed by a traffic or police officer, an official sign or special signal."
We are mindful, of course, that a finding that there was such a violation would not in itself constitute negligence per se. However, it is a circumstance to be considered by a jury in determining from all the facts and circumstances of the case whether or not there was negligence on the part of the person whose conduct is being investigated. Kolankiewiz v. Burke, 91 N.J.L. 567 (E. & A. 1918); Belperche v. Erie R.R. Co., 111 N.J.L. 81 (E. & A. 1933); Jones v. Lahn, 1 N.J. 358 (1949).
The defendant contends that there was no testimony whatsoever that the defendant was in any way negligent and that in making a left-hand turn "* * * he let a truck go by and then proceeded across, and as he was crossing, he was struck on the right hand side by the plaintiff-decedent's motorcycle, which had come down the highway without lights." We think that the defendant's statement that after permitting the truck to pass, he proceeded with his left-hand turn in the face of the oncoming motorcycle, immediately raises a factual issue as to whether the defendant, in proceeding to make the left-hand turn, did so, with proper care to avoid accidents. In determining the question *532 of the liability of the defendant, it obviously became a factual issue for the jury's consideration.
We do not agree with the appellant's argument that "If this case had gone to the jury, the Court would have charged that the defendant in making a left-hand turn was under a duty to use a high degree of care and seek an opportune and safe time to make his turn. A failure to so charge would be reversible error." The rule contended for by the appellant here is not applicable. In view of the fact that the traffic was controlled by traffic control signals, the instant case is governed by R.S. 39:4-115 hereinabove quoted. Politi v. Pennsylvania Greyhound Lines, Inc., 5 N.J. Super. 364, 366, 367 (App. Div. 1949). Cf. Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234 (App. Div. 1953).
The record discloses further that there were staggered highway lights on both sides of Highway 25; a light approximately every 75 feet, the nearest about 100 feet from the Styles Street intersection; that the night was clear and the highway dry.
In view of the plaintiff's proofs, the legitimate inferences deducible therefrom, the degree of care imposed upon a vehicular operator making a left turn across traffic, the defendant's observance of the plaintiff's decedent, the conflicting statements regarding the lights on decedent's motorcycle and the presumption of exercise of due care by the decedent and the inferences favorable to the plaintiff on defendant's motion for dismissal, we are of the opinion that there was sufficient evidence upon which fair-minded men might honestly differ and, therefore, the question at issue was one to be resolved by a jury. Lipschitz v. New York and New Jersey Produce Corp., 111 N.J.L. 392 (E. & A. 1933); Dobrow v. Hertz, 125 N.J.L. 347 (E. & A. 1940); Petrosino v. Public Service Coordinated Transport, 1 N.J. Super. 19 (App. Div. 1948); McKinney v. Public Service Interstate Transp. Co., 4 N.J. 229 (1950).
The judgment is reversed and the action is remanded for a trial de novo.