**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4029-16T3

JOSEPH ARUANNO,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Argued telephonically May 10, 2019 – Decided June 24, 2019

Before Judges Nugent and Mawla.

On appeal from the New Jersey Department of Corrections.

Joseph Aruanno, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, Joseph Aruanno, who is committed to the Department of Correction's Special Treatment Unit (STU), appeals from two final agency decisions. In its first decision, the Department of Corrections (DOC) declined to pay plaintiff the $295 plus $30 shipping and handling he demanded to replace a typewriter he claimed had been destroyed by DOC personnel. The second decision concerned plaintiff's underwear. His laundry had been lost, and the DOC offered to replace a pair of briefs with "boxers," because the commissary no longer carried briefs. Plaintiff refused the boxers and the DOC refused to buy him briefs. Finding no merit in plaintiff's appellate arguments, we affirm.

The record on appeal discloses the following facts. Plaintiff alleges DOC personnel damaged his Smith-Corona Typewriter during the search of his cell on June 8, 2016. He submitted a claim form dated December 6, 2016. According to the form, he purchased the typewriter for $269. He suggested the amount of $189 to settle the claim. His proposed settlement was based on a repair service's proposal to repair the typewriter. The proposal identified the machine as a Smith-Corona WordSmith-250 typewriter and itemized the necessary repairs. The repairs totaled $154. The repair service added $35 for "Box, Packing Materials & Shipping," for a total of $189.

Following an investigation, the DOC concluded plaintiff's claim was valid and offered him $88.22 based on the typewriter's depreciated value. Plaintiff rejected the settlement offer.

Concerning the briefs and boxers, in August 2016 the DOC lost plaintiff's laundry bag. Personnel replaced the bag and its contents with the exception of a pair of "store-bought briefs," which the DOC agreed to replace with boxer shorts. Plaintiff wants briefs, not boxers. The DOC refused to buy briefs.

In May 2017, plaintiff appealed the DOC's final agency decisions. The DOC filed a motion for a remand, which was granted. On remand, the DOC detailed in a letter to plaintiff its reasons for its offer concerning his damaged typewriter. The letter explained:

> On [March 30, 2017,] you were offered the amount of $88.22 which you refused. This amount is the reasonable value which was determined by depreciation of the time over the years that the typewriter was purchased and owned. To break this down, the purchase price of the typewriter was $142.99 purchased in Oct[ober] 2008 and you submitted your claim June 8, 2016. It was determined that the item should be depreciated 7.66 years with a useful life of 20 years. Your typewriter was depreciated 38.3% (please see attached depreciation guide and the highlighted area).

The DOC provided plaintiff with a separate letter explaining why it would not replace plaintiff's briefs. The DOC explained: "Boxers were offered to you due to

commissary no longer carries briefs[.]" The written explanation added that if plaintiff wanted the boxers that the DOC had offered, they would provide him a pair at no cost.

Dissatisfied, plaintiff pursued this appeal.

Our review of agency determinations is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "[I]t is not our function to substitute our independent judgment for that of an administrative body[.]" De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985). Rather, we must sustain the agency's action in the absence of a "'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record[.]" Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009).

Generally, in the absence of total destruction of personal property, the measure of damages is the difference in its value immediately before and after the damage. Jones v. Lahn, 1 N.J. 358, 362 (1949). Although the cost of repairs may be relevant, the cost of repairs must not exceed either the loss in market value due to the damage or the property's fair market value immediately before the damage. Bransley v. Goodman, 40 N.J. Super. 472, 476-77 (App. Div. 1956). See also, Model Jury Charges (Civil), 8.44, "Personal Property" (approved March 1975).

Using a depreciation guide for typewriters, the DOC determined the typewriter's fair market value, before it was damaged, was its cost less depreciation. That amount was less than the cost to repair the typewriter. In fact, the repair costs exceeded the typewriter's purchase price eight years earlier. The DOC's offer was consistent with the law on damages. Consequently, it was neither arbitrary nor capricious.

Defendant's arguments about his briefs are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4029-16T3