Southard J.
Two questions seem to have been raised *n ^is case. It is, in the first place, alleged, that the ' oxen which did the injury, complained of, belonged to Decatur and Atterbury, were in their employment, and under the care of the defendant, as the superintendant of their powder-mills; and, therefore, the defendant could not, legally, be made answerable for injuries done by them. The evidence which is shewn to have been given, proving the property in Decatur and Atterbury, if credited by the jury, seems conclusive of their right; but the jus-. tice states, *that it was, on the other hand, proved, that the defendant had acknowledged that they were his. The jury were to judge upon this contradiction; we have no means of ascertaining the credibility of the evidence. We presume the jury decided correctly; and, from the *941 verdict, it is probable, that they believed the oxen belonged to the defendant.
It is alleged, in the second place, that the court refused to charge the jury, when legally required. Upon this point, two things are worthy of remark. 1. What was the charge required. 2. What was the conduct of the court. As to the nature of the charge required, there seems to be some difference between the amended return of the justice, and the affidavit read before the court. I think it proper to be governed, in my view of the case, by the amended return. The facts in dispute would, correctly, form a part of the record ; and the party having chosen, in the first place, to take his rule upon the justice, ought to be bound by it. The justice states, that the defendant below, “ called on him to charge, that the defendant’s oxen had gored the plaintiff’s cow, yet if they were not accustomed so to do, the owner was not liable, in law, for the injury; that here the defendant was not liable, as the injury was merely accidental, not intentional.” The accuracy of this doctrine, as applied to the present case, may, I think, be questioned. The owner of domestic animals, mansuetas naturas, not necessarily inclined to commit mischief, as dogs, horses, oxen, cows, sheep, &c., is not liable, for an injury committed by them, unless he had notice of a mischievous propensity in the animal, or the injury arose from some neglect on his part; it being generally necessary, in an action for such injury, to allege and prove the scienter: but it is the duty of the owner to confine them, on his own land, and if they go therefrom, and commit a trespass on the land of another, unless through defect of fences, which the latter ought to repair, the owner is liable, though he had not knowledge of any evil propensity in them. If they unlawfully break plaintiff’s close and commit a trespass, the owner is liable for the whole damage. 12 Mod. 333. Ld. Ray. 608. Salk. 662. Peake’s Evi. 291. Bac. Ab. Act. Case. Here the plaintiff below, charges in his state of demand, that the oxen broke into his enclosure, and there gored his cow, so as to kill her. The defendant did not therefore, confine them on his own land; they were trespassing on the land of the plaintiff. The owner was there *942 *fore liable for the injury done, and it was not neceseither to allege or prove a scienter. And the justice might well have declined giving the charge that was required. But I do not understand him to have declined. After the attorney of the defendant had argued before the jury, and stated the law to them, as he understood it, he requested the court to charge to the amount, before detailed. The justice replied, that he had no objection so to do, but did not consider it necessary. This appears to me, to be in substance, though not in form, an assent to the law, as the defendant understood it, and an indication to the jury, what the court thought: a charge such as was called for. To reverse, therefore, for this reason, would be too strict an adherence to form, to the disregard of substance, even if the charge asked for, was correct.
Judgment affirmed.