LOUIS PARISI, PLAINTIFF-RESPONDENT, v. MAX FRIEDMAN, DEFENDANT-APPELLANT.

Submitted February 5, 1946—Decided April 25, 1946.

For the defendant-appellant, *John C. Grimshaw (Fred Laifer,* of counsel).

For the plaintiff-respondent, *Luethy & Flemming (Bernhard G. Luethy,* of counsel).

The opinion of the court was delivered by

McGEEHAN, J. Defendant appeals from a judgment of $575 in favor of the plaintiff, entered in the Supreme Court upon a verdict of a jury at the Camden circuit. Plaintiff sued to recover for damage to his automobile truck sustained in a collision with the automobile truck of defendant.

From the testimony of the plaintiff and the plaintiff's driver, it appeared that the plaintiff's truck was a 1939 International stake-body truck, that the stake body was "nothing but a piece of junk" after the collision, and that other parts of the truck were damaged. Proof by a garage mechanic of mechanical repairs amounting to $67.55 was admitted in evidence without objection. Then, one William Tiedeken, a witness for plaintiff, testified that he was in the truck and trailer body business; that he was familiar with the various types of stake bodies for International trucks; that plaintiff asked what it would cost to build such a body, and that he gave an estimate for a new body to plaintiff. Plaintiff's attorney then offered the estimate of Tiedeken in evidence. A timely objection was made by defendant's attorney, pointing out that no connection as to type, material or size had been shown between the injured stake body and the body estimated upon. Over objection, the trial judge admitted the estimate in evidence and permitted Tiedeken to testify "My estimate calls for $575;" exception was duly taken. On cross-examination, Tiedeken testified that plaintiff did not tell him for what kind of truck the body would be required; that he never saw the injured stake body; and that he didn't know whether the body estimated upon was of the same size or of the same material or of the same type as the injured stake body.

The damages sustained by an automobile in a collision may be established by showing the reasonable cost of the repairs necessary to restore it to its former condition, although the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury. This rule is subject to the limitation: first, that the cost of repairs must not exceed the diminution in market value due to the injury;

secondly, that the cost of repairs must not exceed the market value of the automobile immediately before the injury. *Hintz* v. *Roberts,* 98 *N. J. L.* 768; *Gass* v. *Agate Ice Cream, Inc.,* 264 *N. Y.* 141; 190 *N. E. Rep.* 323.

Since there was no testimony adduced showing that the body estimated upon by Tiedeken was necessary to restore the automobile truck to its former condition, the trial judge erred in admitting such estimate in evidence.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—RAFFERTY, DILL, JJ.   2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, FREUND, MCGEEHAN, JJ.   12.