Plaintiff sued to recover for damage to her automobile, sustained in a collision with an automobile owned by defendant Royal and operated by defendant Dilver; judgment for $255 was entered against both defendants after trial by the District Court Judge, sitting without a jury; and both defendants appeal.
The collision occurred on December 22, 1947. Plaintiff's car was a 1947 Pontiac sedan purchased on May 6, 1947 from the Broad St. Pontiac, Inc. The car was repaired by the same company, and its manager testified as to the damage to the car and that the reasonable value of and the actual amount paid for the necessary repairs was $255. Defendants' expert testified as to the damage to the car, omitting several items of damage found by plaintiff's expert; that the reasonable cost to repair the damage found by him was $98.80; and that the market value of the car before the collision was $2,500 and after the collision $2,400.
Defendants contend that the court erred in awarding damages of $255 when the only testimony as to the diminution in market value due to the injury was that such diminution amounted to $100, citing Moeller v. Weston Trucking and Forwarding Co., Inc.,136 N.J.L. 643 (Sup.Ct. 1948). The applicable rule is set forth in Parisi v. Friedman, 134 N.J.L. 273 (E. A.
1946):
"The damages sustained by an automobile in a collision may be established by showing the reasonable cost of the repairs necessary to restore it to its former condition, although the general rule is that the measure of damages to personal property is the difference between its market value immediately before and immediately after the injury. This rule is subject to the limitation: first, that the cost of repairs must not exceed the diminution in market value due to the injury; secondly, that the cost of repairs must not exceed the market value of the automobile immediately before the injury."
The Moeller case cites the Parisi case and follows it. *Page 48 
The experts differed as to the damage sustained by plaintiff's car in the collision. The court could and did give credence to the testimony of plaintiff's expert. The testimony of defendants' expert as to value before and after was based upon less damage than that found by the court, and consequently imposed no limitation under the rule of the Parisi case.
We have examined the other points argued by the appellants and find no merit in them.
The judgment under appeal is affirmed.