NEW JERSEY POWER & LIGHT CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. HAROLD F. MABEE AND DENNIS M. MABEE, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.

Argued December 16, 1963—Decided February 3, 1964.

440

*Mr. Charles A. Sweeney* argued the cause for plaintiff-appellant and cross-respondent (*Messrs. James & Wyckoff*, attorneys).

*Mr. Robert P. Hanley* argued the cause for defendants-respondents and cross-appellants (*Messrs. Eagan, O'Donnell, Hanley & Clifford*, attorneys).

*Messrs. Lloyd, Horn, Megargee & Steedle* filed a brief on behalf of Atlantic City Electric Company, Jersey Central Power and Light Company, New Jersey Bell Telephone Company, and Public Service Electric and Gas Company, *amici curiae* (*Mr. Henry P. Megargee, Jr.,* of counsel).

The opinion of the court was delivered

PER CURIAM. Defendants' automobile struck a pole which was part of an electric circuit. The pole had to be replaced. The sole issue is the measure of damages. Plaintiff sought $1,317.94, the sum actually expended, while defendants contended they should be held for only part of that cost, to wit, $708.29. The trial court sitting without a jury fixed the damages at $850. Both sides appealed and we certified the matter before argument in the Appellate Division.

Plaintiff urges the pole is a part of a circuit and the measure of damages should be the diminution of the value of the whole circuit (depreciated cost of $147,540.65), as to which the cost of repairs is appropriate evidence. *Parisi v. Friedman,* 134 *N. J. L.* 273 (*E. & A.* 1946) ; *Rempfer v. Deerfield Packing Corp.,* 4 *N. J.* 135 (1950). Defendants, however, urge the pole is a distinct item; that it was 20 years old when it was destroyed; and that the life expectancy of a new pole being 36 years, plaintiff should receive (1) the amount of overtime pay which the emergency required and (2) four-ninths of all other expenditures, thereby to reflect only the loss of the remaining life of the pole.

Each side thus draws upon well known concepts in the field of damages. As we said in *525 Main Street Corp. v. Eagle Roofing Co., Inc.,* 34 *N. J.* 251, 255 (1961), the sundry rules for measuring damages are subordinate to the ultimate aim of making good the injury done or loss suffered and hence "The answer rests in good sense rather than in a mechanical application of a single formula."

It is not feasible to prove the value of the whole circuit before and after the accident and of course no such evidence was offered. Both sides necessarily started with the cost of

repairs. The need for the work done is not disputed. It is not suggested that any lesser expenditure would have sufficed to make good the damage done. Rather defendants argue that the work thus necessarily done served not only to make good the damage inflicted but also to confer upon plaintiff a further benefit for which there should be an appropriate reduction.

It seems to us that the true issue is whether the replacement of the pole did more than make plaintiff whole and whether, if it did, it would be just to make the victim of the wrong contribute so much of the cost as would reflect that further benefit.

If the life of every pole were 36 years and if it were clear that each pole would be replaced at the end of that period, defendants could well urge that a new pole clearly conferred a benefit beyond the amount of the damage done. The difficulty is that there is no discernible life expectancy of an individual pole and that although the period of 36 years is used for accounting purposes, the pole that was destroyed might well have served for a much longer period and the new pole may last for but a few years. Moreover, because of changes in circumstances or in technology, it cannot be known whether the pole would ever have been replaced. In short, at least upon the record before us, we cannot say with reasonable assurance that the installation of a new pole did more than remedy the wrong done. An injured party should not be required to lay out money, as defendants' approach would require, upon a questionable assumption that one day its worth will be recaptured.

The judgment is reversed and the matter remanded with directions to enter judgment for the plaintiff in the sum of $1,317.94.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.