251 N.J. Super. 412 (1991)
598 A.2d 535
FRED J. KURASH, SR., PLAINTIFF,
v.
RUSSELL LAYTON, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Essex County.
Decided June 4, 1991.
*414 Fred Kurash, plaintiff, pro se.
Russell Layton, defendant, pro se.
FAST, J.S.C.
Plaintiff is the owner of a purebred beagle. Defendant, who is a neighbor of plaintiff, owns a dog that has impregnated plaintiff's dog on two occasions. The result of the first union was six mongrel puppies: two stillborn and four that were given away. Plaintiff informed defendant of the breeding and resultant birth; he advised defendant that he wished to prevent any further contact between the two dogs. To avoid another accidental breeding, plaintiff kept a close watch on the dog while she was in heat. He testified that he would walk her on a leash, or stay with her when she was tied in the yard.
In January 1990, while plaintiff's dog was in heat, plaintiff was watching her in the yard when he remembered something cooking on the stove inside. He ran in to attend to it, and when he returned, he found his dog and defendant's dog in the act of mating. He returned defendant's dog to defendant's house. The mating resulted in plaintiff's dog's second pregnancy. Because plaintiff's dog was impregnated too soon after the first *415 pregnancy, she had complications which resulted in a cesarian section, the death of all the puppies, and later the need for a hysterectomy. The medical expenses incurred by plaintiff in connection with the pregnancy totalled $851. Plaintiff sued defendant for this amount.
The issue is whether defendant is liable for the veterinary bills for plaintiff's dog caused by his dog's impregnation.
There is no published opinion directly on point in New Jersey. At common law there were two causes of action in tort against the owner of a domesticated animal when that animal caused harm to others. The owner could be held liable if shown to be negligent in the control of the animal. Angus v. Radin, 5 N.J.L. 815 (Sup.Ct. 1820). Alternatively, in the absence of a showing of negligence, an owner could be held liable if scienter was proven; that is, the owner knew of the animal's propensity to cause the injury. Jannuzzelli v. Wilkins, 158 N.J. Super. 36, 385 A.2d 322 (App.Div. 1978); Tanga v. Tanga, 94 N.J. Super. 5, 8, 226 A.2d 723 (App.Div. 1967).
With the enactment of N.J.S.A. 4:19-16, New Jersey's dog bite statute, owners without scienter became absolutely liable in some situations for their dogs' bites. Notwithstanding the statute, a common law cause of action remains where, as here, the injury complained of is not a dog bite. Thus, on a showing of scienter, an animal owner can be held strictly liable even if a plaintiff cannot prove negligence. Absent scienter, an owner can be held liable for negligence for failing to use due care in controlling the animal. DeRobertis v. Randazzo, 94 N.J. 144, 462 A.2d 1260 (1983).
There may be some question as to whether defendant here should be charged with scienter to hold him strictly liable for his dog's impregnation of plaintiff's dog. Although the fact that he knew of the prior breeding may constitute imputed notice of the dog's propensity to mate with plaintiff's dog, that issue need not be decided. The facts of this case clearly support a cause of action in negligence. Defendant breached *416 his duty of reasonable care which resulted in the damages for which plaintiff seeks compensation.
The owner of an animal has a duty, though not absolute, to protect the public from harm caused by the animal. The Supreme Court held that the owner of horses kept on a farm abutting a highway had a duty to exercise due care commensurate with the risk, to prevent the horses from escaping to the highway; where he relied upon a fence, the fence had to be reasonably suited for its intended purpose. Vaclavicek v. Olejarz, 61 N.J. 581, 297 A.2d 3 (1972). As far back as 1820, the court established the duty when it stated,
The owner of domestic animals, mansuetae naturae, not necessarily inclined to commit mischief, as dogs, horses, oxen, cows, sheep & c. is not liable for an injury committed by them, unless he had notice of a mischievous propensity in the animal, or the injury arose from some neglect on his part; it being generally necessary in an action for such injury, to allege and prove the scienter: but it is the duty of the owner to confine them, on his own land, and if they go therefrom, and commit a trespass on the land of another, unless through the defect of fences, which the latter ought to repair, the owner is liable, though he had not knowledge of any evil propensity in them. If they unlawfully break plaintiff's close and commit trespass, the owner is liable for the whole damage. [Angus v. Radin, 5 N.J.L. 815 (Sup.Ct. 1820)].
In the Angus case, defendant was liable for the damage caused when his oxen entered the land of plaintiff and gored plaintiff's cow. Although the fact pattern in the case at bar is different, it is analogous. Defendant's dog left his own yard and `broke the close' of plaintiff's property; although he did not physically `injure' plaintiff's dog, he did commit an act upon the dog which resulted in damages to plaintiff.
In addition to showing that defendant was negligent, plaintiff must prove that defendant's negligence was a proximate cause of his harm. To determine the existence of proximate cause, the court must first ascertain whether defendant's conduct constituted a cause in fact of plaintiff's loss. Kulas v. Public Service & Gas Co. 41 N.J. 311, 196 A.2d 769 (1964). An act or omission is not regarded as the cause in fact of an event if the event would have occurred without it. Id. at 317, 196 A.2d 769. If defendant had not been negligent in the control of *417 his dog, there is no showing that plaintiff's dog would have been impregnated otherwise.
The veterinarian's report makes it clear that but for this negligent breeding, plaintiff's dog would not have suffered the complications and these medical expenses would not have been incurred. Defendant's conduct was a cause in fact of plaintiff's injury. Whether or not there is proximate causation depends upon the foreseeability of the harm. The exact consequences encountered did not have to have been foreseen. Ginnelly v. Continental Paper Co., 57 N.J. Super. 480, 493, 155 A.2d 154 (App.Div. 1959). The impregnation of plaintiff's dog was a reasonably foreseeable consequence of defendant's negligent control of his pet, as defendant was aware that it had happened before. The exact harm caused by the impregnation did not have to be foreseeable. Consequently, defendant is liable for the injury caused to plaintiff by his dog.
The normal measure of damages for the commission of a tort is all damages proximately caused by the injury. Schroeder v. Perkel, 87 N.J. 53, 432 A.2d 834 (1981). "[A] defendant who negligently injures a plaintiff on his property may be liable for all proximately caused harm, including economic losses." People Express Airlines, Inc. v. Consolidated Rail Corp., 100 N.J. 246, 251, 495 A.2d 107 (1985) (citing Palsgraf v. Long Island R.R., 248 N.Y. 339, 162 N.E. 99 (1928)).
The harm caused by defendant's negligence in allowing his dog to trespass on the property of plaintiff resulted in an economic loss to plaintiff in the amount of $851. In addressing the calculation of damages, the Supreme Court of New Jersey stated, "The answer rests in good sense rather than in a mechanical application of a single formula." 525 Main Street Corp. v. Eagle Roofing Co., 34 N.J. 251, 255, 168 A.2d 33 (1961). Good sense in this case compels a judgment in favor of plaintiff and against defendant for the full amount of the bills incurred in connection with the dog's second pregnancy. Judgment *418 shall be entered for plaintiff in the amount of $851 together with prejudgment interest pursuant to R. 4:42-11(b).