719 A.2d 662 (1998)
316 N.J. Super. 22
Heather HYLAND, Plaintiff-Respondent,
v.
Gregory BORRAS, Sr., Gregory Borras, Jr., and Donna Borras, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Submitted October 14, 1998.
Decided October 29, 1998.
*663 Methfessel & Werbel, Rahway, for defendants-appellants (Michael Mourtzanakis, on the brief).
John V. McDermott, Jr., for plaintiff-respondent.
Before Judges MUIR, Jr., EICHEN and COBURN.
The opinion of the court was delivered by EICHEN, J.A.D.
Defendants appeal from a judgment entered in the Special Civil Part in the amount of $2,500. We affirm.
Plaintiff Heather Hyland brought this action for damages after defendants' dog, an American bulldog, trespassed onto plaintiff's property and attacked her ten year old shih tzu, causing serious injuries to the dog. As the result of the attack, the dog was hospitalized and underwent surgery to repair torn ligaments and broken and crushed bones. After defendants conceded liability, the parties submitted the issue of damages to the judge on stipulated facts.
Plaintiff had "raised [the shih tzu] from being a puppy, trained it, cared for it, groomed it, fed it, and loved it." She claimed that in order to restore the dog to the condition it was in before the attack, she was required to expend $2,500 for veterinary treatment, supplemental dietary pills, and travel. These expenses were five times greater than the $500 cost of a new shih tzu. Despite this difference, the trial judge found in favor of plaintiff and entered judgment against defendants for $2,500, concluding that plaintiff was entitled to recover from defendants an amount that will "compensate [her] for the loss [and] return [her] to the same position, monetarily," that she was in before the attack.
On appeal, defendants argue that the court erred in awarding plaintiff the full extent of her out-of-pocket losses. They maintain that the shih tzu is personal property and, where the "repair costs outweigh the replacement cost" of such property, the proper measure of damages is either the diminution in the value of the property, or its replacement cost.[1]
We view defendants' approach to measuring damages in this case to be overly mechanistic. We agree that generally the measure of damages for the negligent destruction of personal property is the difference between its market value before and after the injury. Associated Metals & Minerals Corp. v. Dixon Chem. & Research, Inc., 82 N.J.Super. 281, 314, 197 A.2d 569 (App.Div.1963), on remand, 83 N.J.Super. 263, 199 A.2d 394 (Ch.Div.1964), certif. denied, 42 N.J. 501, 201 A.2d 580 (1964); accord Jones v. Lahn, 1 N.J. 358, 362, 63 A.2d 804 (1949); Douches v. Royal, 1 N.J.Super. 45, 47, 62 A.2d 146 (App.Div.1948). However, where the market value cannot be ascertained, that rule will not necessarily apply. See Lane v. Oil Delivery, Inc., 216 N.J.Super. 413, 419, 524 A.2d 405 (App.Div.1987).
In New Jersey Power & Light Co. v. Mabee, 41 N.J. 439, 197 A.2d 194 (1964), our highest court recognized that the proper measure of damages "rests in good sense rather than in a mechanical application of a single formula." Id. at 441, 197 A.2d 194 (quoting 525 Main St. Corp. v. Eagle Roofing Co., Inc., 34 N.J. 251, 255, 168 A.2d 33 (1961)). Accordingly, the Court established a flexible approach to measuring damages, explaining that "the sundry rules for measuring damages are subordinate to the ultimate aim of making good the injury done or loss suffered." Ibid.
*664 In this case, the personal property is a household pet whose market value is nominal[2] and whose "replacement cost" was $500, $2,000 less than the cost of restoring the dog to its initial condition. Most animals kept for companionship have no calculable market value beyond the subjective value of the animal to its owner, and that value arises purely as the result of their relationship and the length and strength of the owner's attachment to the animal. In that sense then, a household pet is not like other fungible or disposable property, intended solely to be used and replaced after it has outlived its usefulness. Plaintiff raised the dog from the time it was a puppy. Both parties stipulated that plaintiff loved her dog and devoted time, energy, and money to train and feed it, in order to bring it to the level of maturity it had attained at the time of the attack. It is purely a matter of "good sense" that defendants be required to "make good the injury done" as the result of their negligence by reimbursing plaintiff for the necessary and reasonable expenses she incurred to restore the dog to its condition before the attack. See ibid.; see also Kurash v. Layton, 251 N.J.Super. 412, 417-18, 598 A.2d 535 (Law Div.1991).
Imposing these economic losses on defendants not only has the salutary effect of making plaintiff whole, but it deters an owner of an aggressive dog from negligently allowing it to run loose, such as occurred here. We are therefore satisfied that the judge did not err in awarding plaintiff her economic losses in this case. The more difficult question of whether and when a plaintiff should, if ever, be awarded non-economic damages for such a loss is not before us and is not intended to be answered by this opinion. See generally Debra Squires-Lee, Note, In Defense of Floyd: Appropriately Valuing Companion Animals in Tort, 70 N.Y.U. L.Rev. 1059 (1995).
Affirmed.
NOTES
[1] Defendants rely in part on Civil Model Jury Charge 6.17 which states that the measure of damages in personal property cases is:

the difference between the market value of the (personalty involved) before and the market value after the damage occurred. If the (personalty involved) has no market value in its damaged condition, the measure of damages is the difference between the market value of the (personalty involved) before the damage occurred and its salvage value in its damaged condition. If the (personalty involved) is not substantially damaged and it can be repaired at a cost less than the difference between its market value before and its market value after the damage occurred the plaintiff's damages would be limited to the cost of repairs.
[2] The parties did not stipulate to the market value of the dog or the existence of a market for ten year old shih tzus.