**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1539-16T2

DONNA MARIE GIAIME,

    Plaintiff-Respondent,

v.

DISCOUNT AUTO,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Argued April 16, 2018 — Decided June 5, 2018

Before Judges Sabatino and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Hunterdon County, Docket No.
L-0512-11.

Kendall S. Murphy argued the cause for
appellant.

D. Andrew Walheim argued the cause for
respondent (Kent & McBride, PC, attorneys; D.
Andrew Walheim, on the brief).

</div>

PER CURIAM

    Defendant Discount Auto appeals from an August 3, 2016 Law

Division order granting default judgment and counsel fees to

plaintiff Donna Marie Giaime; an October 31, 2016 order denying

its motion for reconsideration; and a March 10, 2015 order suppressing its answer and affirmative defenses.[1] We affirm.

I.

This case arises from the sale of a used 2002 Toyota Camry Solara convertible ("Solara") from defendant automobile dealership to plaintiff. Defendant advertised the car on its website, which indicated it provided a free CARFAX Vehicle History Report[2] for all vehicles sold. Defendant furnished plaintiff with a CARFAX report that did not reveal any accidents or damage history for the Solara.

On May 31, 2011, plaintiff purchased the Solara from defendant. On her way home from the dealership, plaintiff noticed the "the whole front end was wobbling and shaky." She immediately returned the vehicle to the dealership. Although initially denying

---

[1] Defendant did not provide the trial court's orders entering default, and denying its motion to reinstate its answer and affirmative defenses in its appendix, but did so following our request at the conclusion of oral argument. In its merits brief, however, defendant did not address the court's denial of its motion to reinstate its pleading and, as such, this issue is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also, Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018).

[2] CARFAX is an electronic database compiling vehicle history information from "thousands of sources." A typical CARFAX report may include, for example, odometer readings, number of owners, and prior accidents or damages.

anything was wrong with the car, defendant's representative brought plaintiff to Team Toyota of Langhorne's ("Toyota") service center to have the car "checked out." Defendant's representative advised Toyota's service person to do "what needs to be done to fix the car." Toyota's invoice listed defendant as the customer. Defendant, however, refused to pay the invoice.

Plaintiff paid Toyota's bill for $1,743. Dissatisfied with defendant's refusal to remit payment to Toyota, and suspicious of the circumstances of the vehicle's front-end issues, plaintiff purchased a report directly from CARFAX ("second CARFAX report"). The "Additional History" section of the second CARFAX report indicated: "Damage reported on 10/16/2009." Included within the "Detailed History" section, the entry dated October 16, 2009 stated:

> Parts requested for repair:
> Front bumper
>
> CARFAX recommends checking these repairs during your pre-purchase inspection.

In response to plaintiff's inquiry, CARFAX confirmed the report provided by defendant "ha[d] been altered from the form in which it was provided by CARFAX." When plaintiff confronted defendant with the second CARFAX report, defendant offered to pay

half of Toyota's invoice, and advised her to file a lawsuit if she was not satisfied with that offer.

Plaintiff filed a complaint against defendant in August 2011, alleging violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -210 ("CFA"), common law fraud, and unjust enrichment. In November 2011, defendant filed an answer, neither admitting nor denying plaintiff's allegations, and asserting seventeen separate defenses. Apparently, the court held several settlement conferences in this matter, but ultimately entered default against defendant for failure to attend one such conference. Defendant's motion to reinstate its answer and affirmative defenses was unsuccessful.

The court held a proof hearing in May 2016. Plaintiff and her expert in automobile sales and appraisals testified. Several documents, including both CARFAX reports, Toyota's invoice, and the transcript of the deposition of a CARFAX representative, were admitted into evidence. Because defendant had defaulted, its participation at the hearing was limited to cross-examination of plaintiff's witnesses. See Jugan v. Pollen, 253 N.J. Super. 123, 129-31 (App. Div. 1992). Defense counsel appeared and exercised that right.

On July 20, 2016, the trial judge issued an opinion entering default judgment against defendant, awarding plaintiff $8,606 in

treble damages and $15,725 in counsel fees. See N.J.S.A. 56:8-19. On August 3, 2016, the trial court entered a final judgment memorializing the award set forth in its written opinion. Defendant's subsequent motion for reconsideration was denied. This appeal followed.

On appeal, defendant raises three claims for our consideration: (1) plaintiff did not incur an "ascertainable loss" pursuant to the CFA; (2) plaintiff's counsel fees were unreasonable and excessive in light of the court's award of damages; and (3) its answer and affirmative defenses should not have been suppressed. We disagree.

II.

A.

Initially, our review has been hampered, to a degree, by the failure of defendant to provide a complete record on appeal. Rule 2:5-4(a) states in relevant part:

> The record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein, and all papers filed with or entries made on the records of the appellate court . . . .

See also <u>R.</u> 2:5-3(b) ("the transcript shall include the entire proceedings"); <u>R.</u> 2:6-1(a) (the appendix must contain parts of the record "essential to the proper consideration of the issues").

Here, because defendant did not provide the transcript of the trial court's oral statement of reasons referenced in its order entering default, we cannot fully determine the viability of its claims that the trial court erred in failing to recognize its alleged meritorious defense. Ordinarily, this serious deficiency might prompt us simply to dismiss the appeal. Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2 on <u>R.</u> 2:5-3 (2018); <u>see also</u> <u>Cipala v. Lincoln Tech. Inst.</u>, 179 N.J. 45, 54-55 (2004) (failing to provide the complete transcript may result in dismissal of the appeal); <u>In re Zakhari</u>, 330 N.J. Super. 493, 495 (App. Div. 2000); <u>R.</u> 2:8-2 (providing that an appellate court may, at any time and on its own motion, dismiss an appeal). Alternatively, we may affirm the order under appeal, <u>Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs.</u>, 347 N.J. Super. 163, 177-78 (App. Div. 2002) ("Without the necessary documents . . . we have no alternative but to affirm.").

However, while we may dismiss defendant's claim that the court erred in suppressing its answer and defenses on these procedural grounds, we are satisfied from our review of the trial court's statement of reasons annexed to its March 10, 2015 order

denying defendant's motion to reinstate its answer that defendant "fail[ed] to identify any meritorious defense to plaintiff's complaint." Further, we are confident the record provided to us is sufficient to undertake meaningful review of defendant's two remaining contentions.

<div align="center">B.</div>

Following the entry of default, a plaintiff seeking unliquidated damages ordinarily is required to establish those damages at a proof hearing. R. 4:43-2(b); Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 210 (App. Div. 2007). As we have long recognized, after a default, a plaintiff is entitled to "all of the damages" that can be "prove[d] by competent, relevant evidence." Heimbach v. Mueller, 229 N.J. Super. 17, 28 (App. Div. 1988).

A judgment entered after a contested proof hearing is subject to limited review. See Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (explaining that "[f]inal determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review"). The question on appeal is whether there was substantial credible evidence to support the damages and counsel fees set forth in the judgment. Ibid.

A-1539-16T2

"The [CFA] provides a private cause of action to consumers who are victimized by fraudulent practices in the marketplace." Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 576 (2011). It is intended to "be applied broadly in order to accomplish its remedial purpose," Lemelledo v. Beneficial Management Corporation of America, 150 N.J. 255, 264 (1997), and thus, is liberally construed in favor of the consumer, Cox v. Sears Roebuck & Company, 138 N.J. 2, 15 (1994).

Pursuant to the CFA, a plaintiff must establish three elements: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009) (citation omitted). A consumer who can prove these elements "is entitled to legal and/or equitable relief, treble damages, and reasonable attorneys' fees." Lee v. Carter-Reed Co., L.L.C., 203 N.J. 496, 521 (2010) (citing N.J.S.A. 56:8-19).

Particularly relevant here, "implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable." Thiedemann v. Mercedes-Benz U.S., LLC, 183 N.J. 234, 248 (2005); see also Cox, 138 N.J. at 22-23. To demonstrate an ascertainable loss, plaintiff must provide the court with an "estimate of damages, calculated within a reasonable degree of certainty." Cox,

138 N.J. at 22.   Examples include an out-of-pocket loss, the replacement cost of a defective product, or a demonstrable loss in value.  See Lee, 203 N.J. at 522; Thiedemann, 183 N.J. at 248.

It is unrefuted that defendant engaged in "unlawful conduct" by altering the Carfax report it provided to plaintiff which excluded damages sustained in October 2009 to the Solara's front bumper.  Instead, defendant challenges the trial court's award of damages, claiming:  (1) plaintiff has not demonstrated an ascertainable loss pursuant to the CFA; and (2) some of the repairs performed by Toyota were unnecessary to the front-end damage on the Solara.  Defendant's claims are dispelled by the record.

Initially, the trial judge determined, that by concealing damage to the Solara's front-end, defendant engaged in an unconscionable commercial practice entitling plaintiff to the diminution in value of the car.  The judge reasonably reduced the valuation of the Solara determined by plaintiff's expert from forty percent to fifteen percent less than the purchase price, i.e., $1,125.  Although the judge found the expert's precise calculation was unsupported by empirical data or documentation, he nevertheless, found "as a matter of common sense and logic, that an older used vehicle with a previous accident/damage history is worth less than a vehicle without such a history."  Because a trier of fact "may accept or reject all or part of an expert's

opinion," Model Jury Charge (Civil), 1.13, "Expert Testimony" (citing State v. Spann, 236 N.J. Super. 13, 21 (App Div. 1989)), we discern no error in the judge's determination of reduced value.

Secondly, the trial court found plaintiff reasonably relied on defendant's representation that it would pay for the repairs made by Toyota, entitling her to damages in the full amount of the invoice, i.e., $1,743. The trial court concluded "plaintiff would not have suffered the out-of-pocket expense for repairs . . . but for [] defendant's fraudulent sale of the vehicle and, therefore . . . plaintiff suffered an actual loss that is causally connected to [] defendant's initial unlawful conduct." As the trial judge aptly determined, "[D]efendant's promise to pay for the repairs without any intention of doing so constitutes a separate unconscionable business practice or fraudulent misrepresentation."

Our review of the testimony and evidence submitted during the proof hearing satisfies us that plaintiff demonstrated an "ascertainable loss" within the meaning of the CFA. In so deciding, we emphasize the paramount goal of making an injured party whole disfavors a mechanical, rigid approach to damage calculation. See, e.g., N.J. Power & Light Co. v. Mabee, 41 N.J. 439, 441 (1964); 525 Main St. Corp. v. Eagle Roofing Co., Inc., 34 N.J. 251, 255 (1961); Premier XXI Claims Mgmt. v. Rigstad, 381

N.J. Super. 281, 284-85 (App. Div. 2005); Hyland v. Borras, 316 N.J. Super. 22, 25 (App. Div. 1998).

C.

We review a trial court's award of counsel fees for a clear abuse of discretion and will disturb that determination "only on the rarest of occasions[.]" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001)); see also Rendine v. Pantzer, 141 N.J. 292, 317 (1995). A prevailing party may only seek attorney's fees "if they are expressly provided for by statute, court rule, or contract." Id. at 385 (quoting Packard-Bamberger, 167 N.J. at 440).

Where, as here, a "plaintiff proves both an unlawful practice under the [CFA] and an ascertainable loss[,]" an award of treble damages and reasonable attorneys' fees is mandated pursuant to N.J.S.A. 56:8-19. Cox, 138 N.J. at 24. Although the amount of the counsel fees awarded exceeds plaintiff's damages, six-fold, "there need not be proportionality between the damages recovered and the attorney-fee award itself[,]" Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 23 (2004) (citation omitted); see also Walker v. Giuffre, 209 N.J. 124, 132 (2012). As the Court recognized in Furst:

> The Legislature undoubtedly was aware that in consumer fraud cases involving minor losses, attorneys' fees frequently would exceed the damages suffered. Nevertheless, the Legislature intended plaintiffs to have access to the court system to pursue relatively small claims against deceptive retailers. In that respect, the provision for attorneys' fees is one of the deterrent aspects of the legislation, and therefore, fraudulent retailers should beware.
>
> [Id. at 23.]

We are also satisfied the fee award was reasonable in rate and time expended. See Monogram Credit Card Bank of Georgia v. Tennesen, 390 N.J. Super. 123, 134 (App. Div. 2007) (citations omitted). The trial judge considered the detailed certification of counsel, submitted on behalf of plaintiff in support of the fee application. Scrutinizing the factors set forth in RPC 1.5(a), the court found the hourly rate is "reasonable and customary for the type of legal services performed in the Hunterdon area." RPC 1.5(a)(3); see also Litton Indus., 200 N.J. at 386 (the calculation of attorneys' fees requires the trial court to determine the "lodestar," i.e., the "number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate.").

The judge continued his analysis, determining "the amount of time expended was reasonable and that plaintiff's counsel was precluded from working on other matters during the time he

represented plaintiff." RPC 1.5(a)(4) and (5). Considering "the issues in dispute and the results obtained" the judge determined "the legal fees were reasonable." RPC 1.5(a)(4). Further, the judge considered "the length of the professional relationship between plaintiff's counsel and plaintiff and the fact the fees charged were at a fixed rate." RPC 1.5(a)(6) and (8). Finally the court "'considered the experience, reputation and ability' of plaintiff's counsel." (quoting RPC 1.5(a)(7)).

Based on the trial court's meticulous review of the certification of services, and the prevailing law, we detect no "clear abuse of discretion" here that would compel us to set aside the fee award. Rendine, 141 N.J. at 317.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION