**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3849-22

CELENA LEWIS,

    Plaintiff-Respondent,

v.

KIM C. SU,

    Defendant-Appellant.

_____

Submitted April 9, 2024 – Decided April 29, 2024

Before Judges Gooden Brown and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-000202-23.

Law Office of Michael G. David, attorneys for appellant (David Justin Sideman, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

## I.

Defendant Kim Su appeals from an order denying her motion to vacate a default judgment entered after a proof hearing in the Special Civil Part in favor of plaintiff Celena Lewis in the amount of $17,189.  Based on our review of the record and the applicable legal principles, we affirm in part, reverse in part, and remand for a trial concerning damages consistent with this opinion.

We derive the following facts from the record.  Plaintiff filed a complaint in the Law Division, Special Civil Part, on January 6, 2023.  The complaint, sounding in negligence, alleged that defendant rear-ended plaintiff's motor vehicle and sought to recover the damages caused by the accident.  The total demand set forth in her complaint was $15,167.96.  The alleged damages included the amount paid out by plaintiff's insurance company for the total loss of her vehicle, rental fees, and costs of filing the complaint.  The complaint was served via mail on defendant, who failed to file an answer and was automatically defaulted on February 21, 2023.  Plaintiff requested default judgment on April 25, 2023.  The court sent a notice by regular mail to defendant setting a proof hearing for June 6, 2023.

Defendant failed to appear at the proof hearing.  At the hearing, in response to questions from the trial judge, plaintiff testified that the monthly

A-3849-22

payments for her totaled Honda Accord were originally $435 and later were reduced to $300-$310 after she refinanced the approximate $15,000 remaining on her loan. Plaintiff also testified about her rental car costs, deductible, and the amount paid on the down payment for her new replacement automobile. On June 6, 2023, judgment was entered in favor of plaintiff and against defendant in the amount of $17,189. The judgment amount was based primarily on plaintiff's testimony which multiplied her estimated monthly car payment of $300 by forty-eight months for a total of $14,400, added the amount of $207 for her car rental costs, added a $1,000 deductible, filing fees of $82, and a $1,500 down payment made for her replacement vehicle, which was a 2020 Jeep Compass.

After retaining counsel, on June 13, 2023, defendant filed her first motion to vacate the default judgment and to permit her time to file an answer relying upon Rule 4:50-1(a) and (f). The motion was unopposed. The motion was denied on July 3, 2023, without oral argument.

On July 18, 2023, defendant filed a second motion to vacate the default judgment but with more detail. The trial judge treated this as a motion for reconsideration. In support of the second motion, three separate certifications were offered by defendant. The first was a certification by defendant that stated

she was "confused" and "did not understand" she "needed to respond or send it to [her] car insurance company." She stated she was hospitalized at the time the proof hearing notice was delivered and continued to be hospitalized at the time it was held. She also stated that she did not "see [plaintiff's] rear lights activated." The second certification was from defendant's health care assistant. She stated defendant had received the complaint in January 2023 and she had informed defendant she should "forward it to her car insurance company." The third certification was from an insurance adjuster at GEICO, which insured defendant. In pertinent part, the certification stated:

> Liberty Mutual provided proof of payment [to plaintiff] as follows:
>
> a. To [plaintiff], $1000.00;
>
> b. To American Honda Finance Corporation, $14,259.46[ for the loan payoff] . . . ;
>
> c. $135.00 to Cross Country Motor Club presumably related to roadside assistance; and
>
> d. $630.00 to Enterprise Holdings, Inc. for a rental vehicle for . . . plaintiff's use.

At oral argument, defendant's counsel reiterated the factual assertions set forth in the three certifications in support of her motion to vacate the default judgment. The trial judge denied the motion finding no excusable neglect or a

4

meritorious defense was shown. In summary, the trial judge found defendant was served with the complaint in January 2023, her assistant advised her to submit it to her insurance company but she failed to do so, she neglected to take any action or answer the complaint, she admitted she did not see the plaintiff's rear lights, and the trial judge's calculation of damages was supported by the evidence and was not arbitrary. This appeal followed.

II.

Defendant asserts on appeal:

> I. THE TRIAL [JUDGE] ERRED IN DENYING DEFENDANT'S SECOND MOTION TO VACATE DEFAULT JUDGMENT BECAUSE DEFENDANT DEMONSTRATED EXCUSABLE NEGLECT AND A MERITORIOUS DEFENSE TO THE CAUSE OF ACTION PURSUANT TO [RULE] 4:50-1(a).
>
> II. THE TRIAL [JUDGE] ERRED IN DENYING THE SECOND MOTION TO VACATE THE DEFAULT JUDGMENT PURSUANT TO [RULE] 4:50-1(f) BECAUSE [HE] AWARDED DAMAGES TO WHICH PLAINTIFF WAS NOT LEGALLY ENTITLED.

At the outset, we point out defendant's notice of appeal only identified the order denying her motion for reconsideration. If the notice of appeal "designates only the order entered on a motion for reconsideration, it is only that proceeding

5

and not the order that generated the reconsideration motion that is reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1(f)(1) (2024). However, under the circumstances, we will address the merits of the underlying motion. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008).

A motion to vacate a default judgment pursuant Rule 4:50-1(a) must be brought "within a reasonable time" but not later than one year after judgment. R. 4:50-2. Although not expressly included in the Rule, it is well-settled that a defendant claiming excusable neglect must also demonstrate a meritorious defense. Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964), aff'd, 43 N.J. 508 (1964).

The decision whether to grant a motion to vacate a default judgment is "left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). "The rule is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977).

"A court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini, 132 N.J. at 334 (omissions in original) (quoting Marder, 84 N.J. Super. at 319). "All doubts . . . should be resolved in favor of the parties seeking relief." Ibid. That is so because of the importance we attach to securing a decision on the merits. Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div. 1998).

Our courts have also recognized that a defendant's promptness in moving to vacate a default judgment is a factor that supports granting the motion. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003) (affirming a finding of excusable neglect "when examined against the very short time period between the entry of default judgment and the motion to vacate"); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428 (App. Div. 2003) (noting the "speed and diligence with which [the party] moved to attempt to vacate the default judgment"). "[W]here the judgment has been in effect for only a brief period of time before the motion to vacate is filed[,] . . . a plaintiff's expectations regarding the legitimacy of the judgment and the court's interest in the finality of judgments are at their nadir." Reg'l Constr. Corp., 364 N.J. Super. at 545.

Prejudice to the plaintiff if default judgment is vacated is also a relevant

consideration. In this regard, <u>Rule</u> 4:50-1 permits the court to condition an order vacating default judgment "upon such terms as are just." Any relief granted under this provision of the Rule must be "reasonably proportionate to the prejudice suffered by plaintiff." <u>Reg'l Constr. Corp.</u>, 364 N.J. Super. at 543. A court may compel a party seeking to vacate default to reimburse the judgment holder for the fees and costs "in the pursuit of the default judgment or in responding to the motion to vacate." <u>Ibid</u>.

In addition to a showing of excusable neglect, a sufficient and valid defense must be stated clearly to avoid the ultimate result being inevitably the same after setting aside a default judgment. <u>See</u> <u>Schulwitz v. Shuster</u>, 27 N.J. Super. 554, 561 (App. Div. 1953) (requiring the showing of a meritorious defense so "[t]he time of the courts, counsel and litigants [is] not . . . taken up by . . . a futile proceeding."). A court is required to "examine defendant's proposed defense to determine its merit." <u>Bank of N.J. v. Pulini</u>, 194 N.J. Super. 163, 166 (App. Div. 1984).

Subsection (f) of <u>Rule</u> 4:50-1 is a catch-all provision that authorizes a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." The essence of the subsection is to achieve equity and justice in exceptional situations that cannot

8

be easily categorized. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70, (2009) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Therefore, in order for relief under the rule to be granted, the movant "must show that the enforcement of the order would be unjust, oppressive or inequitable." Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971). An application under subsection (f) must be sought within a reasonable time after entry of the judgment. See R. 4:50-2

## III.

Turning to the facts of the case before us, defendant initially moved to vacate the default judgment only four days after defendant provided the judgment to her attorney. Defendant's second motion was filed fifteen days after the order denying her initial motion was entered. The second motion attempted to correct the deficiencies found in the denial of her first motion. To support her arguments, she attached three certifications, all based on personal knowledge and all outlining the factual circumstances entitling her to the relief requested, as required by Rule 1:6-6. The motion was unopposed.

Sufficient credible evidence existed in the motion record to support defendant's argument that there was excusable neglect pursuant to Rule 4:50-1(a) for her failure to answer the complaint. As defendant's certification

9

indicates, she experienced language barriers, a misunderstanding of the requirement to answer the complaint, and was hospitalized when notice for the proof hearing was delivered and remained hospitalized at the time of the proof hearing. She was eighty-one years old and was under the care of a health aide. She filed her first motion to vacate the judgment about one week after it was delivered to her insurance carrier, followed shortly thereafter by her second, more detailed motion. When viewed with liberality, as we must, the unopposed facts supporting defendant's motion satisfy the excusable neglect standard of <u>Rule</u> 4:50-1(a).

A thorough review of the motion record shows defendant submitted adequate proofs she had a meritorious defense related to the damages demanded by plaintiff and the quantum of damages entered by the trial judge in his judgment.

In general, the typical measure of damages to personal property "is the difference between the market value of the personal property before and the market value after the damage occurred." <u>Model Jury Charge (Civil)</u>, 8.44, "Personal Property" (approved Mar. 1975); <u>see also</u> <u>Hyland v. Borras</u>, 316 N.J. Super. 22, 24-25 (App. Div. 1998); <u>Associated Metals & Minerals Corp. v. Dixon Chem. & Rsch., Inc</u>., 82 N.J. Super. 281, 314 (App. Div. 1963); <u>accord</u>

Jones v. Lahn, 1 N.J. 358, 362 (1949); Douches v. Royal, 1 N.J. Super. 45, 47 (App. Div. 1948).

However, when the personalty has been destroyed by the tortfeasor, and no market value exists, the market value at the time of the loss is the appropriate award. Lane v. Oil Delivery, Inc., 216 N.J. Super. 413, 419 (App. Div. 1987).

The trial judge's damage award included a $14,400 reimbursement to plaintiff representing the amount paid for previous car loan payments over a period of four years. Our review of the record does not contain sufficient evidence of an adequate nexus between the prior payments and the market value of the vehicle before and after the accident, which we determine is the appropriate methodology to calculate the damages in this instance. The undisputed facts show that plaintiff was paid monies from her insurance carrier in the amount of $16,024.46 comprised of the payoff for the loan on her "totaled" Honda automobile in the amount of $14,259.46, rental car costs of $630, roadside assistance costs of $135, and a $1,000 deductible. These insurance payments shown through the certification of defendant's auto insurance agent reinforced defendant's position that there was a meritorious defense related to the fair and appropriate quantum of damages, including the likelihood that excessive damages were awarded to plaintiff.

11

Additionally, the prejudice to plaintiff at this early stage of the litigation was minimal, if any. Furthermore, the trial judge had the option to award adequate sanctions against defendant, including payment to plaintiff for any reasonable costs she incurred as part of the default process rather than deny defendant's motion.

We find differently concerning the trial judge's liability findings. We agree with the trial judge that the meritorious defense prong concerning liability was not satisfied by the defendant. We conclude there was sufficient, credible evidence in the record to support the trial judge's denial of defendant's motion to vacate the default judgment concerning liability and affirm this portion of the judgment.

The trial judge's finding, rejecting defendant's allegation that plaintiff's taillights were not working and concluding a meritorious defense was not met, is supported by sufficient credible evidence in the record. No dispute existed in the motion record that defendant's vehicle struck plaintiff's stopped vehicle in the rear. These facts support the trial judge's liability finding. See Dolson v. Anastasia, 55 N.J. 2, 11-12 (1969). As aptly pointed out by the trial judge in his oral decision, defendant's certification stated that she did not see the plaintiff's rear lights before striking her vehicle. A plain reading of defendant's

certification was itself sufficient credible evidence that the lack of a meritorious defense existed concerning liability, supporting the judge's denial of her motion.

Grounded on the foregoing reasons, we affirm the trial judge's liability findings but we reverse and vacate the judgment in respect to damages and remand to the trial court for a trial on damages. Based on this ruling and the importance we attach to securing a decision on the merits, defendant shall be permitted to file an answer in a reasonable period to be set by the trial judge. The trial judge shall also have the discretion to provide for reasonable discovery pursuant to Rule 6:4-3 which may be warranted considering our opinion remanding the matter.

Defendant shall be permitted to participate fully in the damages hearing, including the ability to offer evidence and witness testimony. At the time of the damages hearing the court shall consider but shall not be limited to the following factors: the market value of plaintiff's 2016 Honda automobile at the time of the accident, any reasonable automobile rental costs, roadside assistance costs, or other related costs incurred by plaintiff due to the accident, the payoff amount for any loans secured on the Honda as of the date of accident, any amounts paid to her from collateral sources including those from her own insurance carrier, and any other factors which the court deems relevant to the calculation of

13

plaintiff's reasonable damages. The rules for measuring damages are subordinate to the ultimate aim of making good the injury done or loss suffered. "The answer rests in good sense rather than in a mechanical application of a single formula." N.J. Power and Light Co. v. Mabee, 41 N.J. 439, 441 (1964).

Having determined that defendant is entitled to vacate the default judgment concerning damages based on Rule 4:50-1(a), we deem defendant's arguments pursuant to Rule 4:50-1(f) moot.

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

14